**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR ESCAMBIA COUNTY, FLORIDA**

DAVID BEAR

      Plaintiff,

vs.                                CASE NUMBER:

ESCAMBIA COUNTY BOARD
OF COUNTY COMMISSIONERS; and
DOUGLAS UNDERHILL

      Defendants.

_____/

## C O M P L A I N T

COMES NOW, Plaintiff, DAVID BEAR (Plaintiff), by and through undersigned counsel, herby files this Complaint against Defendants ESCAMBIA COUNTY BOARD OF COUNTY COMMISSIONERS (ECBCC), and DOUGLAS UNDERHILL (UNDERHILL) (collectively referred to as Defendants), and states as follows:

### FACTUAL BACKGROUND

1)     Plaintiff is a resident of Escambia County, Florida.

2)     Defendant ECBCC is a local government entity which governs the County of Escambia, in the State of Florida.

3)     Escambia County is divided into five (5) districts, with one county commissioner elected from each district to serve as the legislative and policy setting body of Escambia County under Chapter 125, Florida Statutes.

4)     Defendant UNDERHILL is a resident of Escambia County, and is the County Commissioner of Escambia County District 2.

5)     Defendant UNDERHILL has served on the ECBCC since 2014.

Complaint

6)     On or about August 20, 2009, the ECBCC adopted a County Commissioners'
       Technology Policy which regulated county commissioners' use of social network
       accounts.  According to said policy,

> Commissioners shall not discuss County business on
> social networking sites, including, but not limited to,
> Facebook . . . .  However, a commissioner may post a
> story forum comment or response on a blog on a site
> maintained by another person or media outlet regarding
> County business so long as the commissioner posts the
> comment or response using the commissioner's actual
> name and the commissioner does not post a comment or
> response when another commissioner has already posted
> on that specific article or issue. A copy of any such
> posting shall be retained by the County.

7)     Facebook is a social media networking website accessible to users through the
       internet, and which allows users of the website to post comments, share
       photographs, link to other websites, an engage in general discourse.

8)     Despite the County policy, Defendant UNDERHILL frequently utilized, and still
       utilizes Facebook to discuss or conduct matters related to Escambia County
       business, or otherwise engage in matters of public interest.

9)     Defendant UNDERHILL was familiar with the County Commissioners'
       Technology Policy and has readily acknowledged his lack of compliance with the
       policy numerous times throughout his tenure as a commissioner, including at a
       Committee of the Whole meeting on May 9th, 2019, and again at the Board of
       County Commissioners regular meeting on May 16th, 2019.

10)    The ECBCC voted to "drop the policy' [referring to the County Commissioners'
       Technology Policy] on or about May 16, 2019.

Complaint

11) The Defendant UNDERHILL has utilized two Facebook pages over the course of his tenure as a commissioner and uses the following aliases: One page is maintained under the name "Commissioner Doug Underhill," while the other page is maintained under the name "Douglas Underhill."

12) Defendant UNDERHILL utilizes both Facebook pages to post comments, and engage with the citizens of Escambia County concerning Escambia County business, or otherwise engage in matters of public interest.

13) Defendant UNDERHILL has blocked, restricted, excluded, or otherwise limited Plaintiff from access to his "Douglas Underhill" Facebook page while other Escambia County residents continue to enjoy full access to that page, even though Plaintiff has requested to be unblocked multiple times, because Defendant UNDERHILL disagrees with Plaintiff's views.

14) Additionally, Defendant UNDERHILL blocks, restricts, excludes, or otherwise limits Plaintiff from seeing certain comments posted to the "Commissioner Doug Underhill" page, even though Plaintiff has requested to be unblocked multiple times, because Defendant UNDERHILL disagrees with Plaintiff's views.

15) Defendant UNDERHILL was specifically advised by ECBCC attorney Alison Rogers on multiple occasions that courts have held that an elected officials' social media accounts are public forums, and that blocking a citizen can be done in only "very" limited circumstances. See Exhibit A; Exhibit B.

16) As a result of Defendant UNDERHILL blocking, excluding, or otherwise limiting Plaintiff from full access to one or both of his Facebook pages, Defendant

UNDERHILL has improperly limited Plaintiff's ability to utilize Facebook to engage in discourse concerning matters related to Escambia County government.

17) In an effort to engage in the discourse and discovery information discussed on Defendant UNDERHILL's Facebook pages, Plaintiff made several public records requests pursuant to Chapter 119, Florida Statutes related to content contained on Defendant UNDERHILL's Facebook pages, much of which was not accessible to Plaintiff due to the limitations employed by Defendant UNDERHILL

18) The Defendant UNDERHILL, has failed or refused to provide complete responses to said public record request.

19) The Defendant ECBCC has failed to provide complete responses to the records requested.

## COUNT I- CHAPTER 119 VIOLATION AGAINST DEFENDANT DOUGLAS UNDERHILL

### (PUBLIC RECORDS REQUEST 1)

20) Plaintiff re-alleges and incorporates paragraphs one (1) through nineteen (19) above as if fully set forth herein.

21) Under Chapter 119, Florida Statutes, providing access to public records is a duty of each agency, and public official.

22) Pursuant to Chapter 119, "Public records" means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of

Complaint

transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency

23) In or about April 2019, Plaintiff submitted a public record request pursuant to Chapter 119, Florida Statutes, to ECBCC. ECBCC responded to this public record request on April 30, 2019 and provided some documents. However, the documents were not what the plaintiff anticipated and/or believed he requested. See composite exhibit C. As such, on April 30, 2019, the plaintiff emailed Allison Rogers and Alain Espinosa, both employees with ECBCC, and clarified his request as follows:

> My official request for public records: (Time period - since Underhill was elected to office)
>
> * I would like any response or comment Commissioner Underhill has made about the social media policy.
>
> * I want any document with Commissioner Underhill's comments about the act of blocking and/or hiding viewpoints on social media, including his agreement and/or disagreement with it.
>
> These records may exist in any form; email, text messages, social media posts, etc. According to the policy, Section B.5. Social Networking Accounts, Twitter, Story Forum Comments, Blogs and Similar Communications, a copy of any such posting shall be retained by the County. My request includes all postings/comments where Commissioner Underhill made mention of blocking and/or hiding comments on Facebook. This includes both his personal and public accounts since he conducts County business on both.

24) On or about May 1, 2019, Mr. Espinoza responded to the Plaintiff's "clarified" public record request that was made on April 30, 2019 and provided some documents. However, Mr. Espinoza's response did not include social network

comments made by the defendant, Underhill, on his social media pages, both personal and public, regarding the topic at issue. See composite exhibit C.

25) On May 2, 2019, Kristin Hual, Senior Assistant County Attorney with ECBCC responded to the plaintiff and advised that they will provide any responsive records in accordance with Florida law.

26) On about September 6, 2019, when the plaintiff had not received a response to his clarified public record request, the plaintiff again contacted ECBCC through their attorneys, Kristin Hual and Alison Rogers to determine the status of same. As indicated in composite exhibit C attached hereto, ECBCC had not provided a response. When the plaintiff advised that a response was necessary, the ECBCC requested that Jonathan, an assistant to the Defendant UNDERHILL, provide the information either directly to the plaintiff, the plaintiff's attorney, or to the ECBCC attorneys office so that they can provide same. ECBCC specifically requested that Mr. Underhill provide comments made on a social media pages, both personal and public. See composite exhibit C.

27) The defendant, UNDERHILL received a copy of the emails from ECBCC requesting the social media comments as referenced in composite exhibit C and indicated that he would produce same by close of business on Monday, September 16, 2019.

28) As of the filing of this Complaint, Defendant UNDERHILL has failed to respond to this public record request and continues to block, exclude, or limit Plaintiff from obtaining the information requested by Plaintiff's lawful public record request.

Complaint

29) The records Plaintiff requests fall within the scope of Chapter 119, and no exemption applies.

30) Accordingly, Defendant UNDERHILL must fully disclose all records relevant to Plaintiff's requests.

31) As of the filing of this Complaint, Defendant UNDERHILL has failed to fully disclose all records relevant to Plaintiff's requests, in violation of Chapter 119.

32) Thus, Defendant UNDERHILL has unlawfully refused to permit Plaintiff from inspecting or copying public records, or has failed to maintain a copy of the records, contrary to his obligations under Chapter 119.

33) Plaintiff has incurred attorney's fees and costs in pursuing this action.

WHEREFORE, Plaintiff respectfully requests this Court set an accelerated hearing pursuant to Section 119.11, Florida Statutes; Order that Defendant UNDERHILL immediately comply with Plaintiff's request 1; award Plaintiff attorney's fees and costs; and grant all other relief deemed just and appropriate.

## COUNT II- CHAPTER 119 VIOLATION AGAINST DEFENDANT DOUGLAS UNDERHILL

### (PUBLIC RECORDS REQUEST 2)

34) Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully set forth herein.

35) On or about June 3, 2019, Plaintiff made a separate, and additional request (request 2) pursuant to Chapter 119 to Defendant UNDERHILL's "Commissioner Doug Underhill" Facebook account which stated:

Complaint

> Commissioner Doug Underhill Please consider this an official public records request for every conversation you've had on Facebook since March 1, 2019 where you mentioned by name, referred to, and inferred to anyone in the Bear family. These conversations are not limited to only original posts you've made on both your Commissioner Doug Underhill account or your Douglas Underhill account, but also all private messages made between either of those two accounts and anyone else you've mentioned, referred to, and inferred to anyone in the Bear family.

See Exhibit D.

36) That same day, Plaintiff amended request 2 to Defendant UNDERHILL via Facebook in a request that stated:

> Commissioner Doug Underhill Please consider this an official public records request for every conversation you've had on Facebook since March 1, 2019, where you mentioned by name, referred to, and implied to anyone in the Bear family. These conversations are not limited to only original posts you've made on both your Commissioner Doug Underhill account or your Douglas Underhill account, but also all private messages made between either of those two accounts and anyone else you've mentioned, referred to, and implied to anyone in the Bear family.

See Exhibit D.

37) On or about August 9, 2019, after receiving no response from Defendant UNDERHILL regarding request 2, Plaintiff sent a letter to Defendant ECBCC, and Defendant UNDERHILL restating, *inter alia*, request 2. See Exhibit E.

38) As of the filing of this Complaint, Defendant UNDERHILL has failed to produce all records relevant to Plaintiff's request 2, and he continues to block, exclude, or limit Plaintiff from full Facebook access as described above.

39) Plaintiff's request 2 falls within the scope of Chapter 119, and no exemption applies.

40) Accordingly, Defendants must fully disclose all records relevant to Plaintiff's request 2.

41) As of the filing of this Complaint, Defendant UNDERHILL has failed to fully disclose all records relevant to Plaintiff's request 2, in violation of Chapter 119.

42) Thus, Defendant UNDERHILL has unlawfully refused to permit Plaintiff from inspecting or copying public records, or has failed to maintain a copy of the records, contrary to his obligations under Chapter 119.

43) Plaintiff has incurred attorney's fees and costs in pursuing this action.

WHEREFORE, Plaintiff respectfully requests this Court set an accelerated hearing pursuant to Section 119.11, Florida Statutes; Order that Defendant UNDERHILL immediately comply with Plaintiff's request 3; award Plaintiff attorney's fees and costs; and grant all other relief deemed just and appropriate.

## COUNT III- CHAPTER 119 VIOLATION AGAINST DEFENDANT DOUGLAS UNDERHILL

### (PUBLIC RECORDS REQUEST 3)

44) Plaintiff re-alleges and incorporates paragraphs one (1) through forty-three (43) above as if fully set forth herein.

45) On or about August 20, 2019, Plaintiff submitted a public records request (request 3) pursuant to Chapter 119, Florida Statutes, to Defendant UNDERHILL regarding the Douglas Underhill Facebook page, and requested the following information:

Complaint

> Please accept this email as a public record request for a complete copy of the history and all post made to the "Douglas Underhill" Facebook account. This request includes copies of all post, edits to any post, comments to any post, copies of all Facebook messages (including the response), and copies of all pictures from said Facebook account. Please limit this In lieu of printing out these items, we request that you download the complete Facebook history for this page. To access and save this information, select the drop-down menu, select "Settings", then select "Your Facebook Information", go to "Download Your Information" and click "view", then "Create File" to confirm download request. To the extent that you contend that any of the information requested is not subject to public records law, please indicate same and the reason why it is not subject to disclosure

46) On or about August 27, 2019, Plaintiff sent an amended request 3 to Defendant UNDERHILL regarding the Douglas Underhill Facebook page, and requested the following information:

> Please accept this email as a public record request for a complete copy of the history and all post made to or on the "Douglas Underhill" Facebook account which are in any way related to your activities, duties or role of a commissioner of Escambia County, Florida. This request includes copies of all post, edits to any post, comments to any post, copies of all Facebook messages (including the response), and copies of all pictures from said Facebook account that relate to your activities, duties or role of a commissioner of Escambia County, Florida.

47) Both the Original Request number 3 and the Amended request number 3 were also sent to Defendant ECBCC's attorney, Alison Rogers.

48) As of the filing of this Complaint, Defendant UNDERHILL has failed to produce any records relevant to Plaintiff's request, and he continues to block, exclude, or limit Plaintiff from full Facebook access as described above.

49) Plaintiff's request 4 falls within the scope of Chapter 119, and no exemption applies.

50) Accordingly, Defendants must fully disclose all records relevant to Plaintiff's request 4.

51) As of the filing of this Complaint, Defendant UNDERHILL has failed to fully disclose any records relevant to Plaintiff's request 4, in violation of Chapter 119.

52) Thus, Defendant UNDERHILL has unlawfully refused to permit Plaintiff from inspecting or copying public records, or has failed to maintain a copy of the records, contrary to his obligations under Chapter 119.

53) Plaintiff has incurred attorney's fees and costs in pursuing this action.

WHEREFORE, Plaintiff respectfully requests this Court set an accelerated hearing pursuant to Section 119.11, Florida Statutes; Order that Defendant UNDERHILL immediately comply with Plaintiff's request 4; award Plaintiff attorney's fees and costs; and grant all other relief deemed just and appropriate.

## COUNT IV- CHAPTER 119 VIOLATION AGAINST DEFENDANT ESCAMBIA COUNTY BOARD OF COUNTY COMMISSIONERS

54) Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully set forth herein.

55) On or about August 9, 2019, after receiving no response from Defendant UNDERHILL regarding public records request 2, and 3, Plaintiff sent a letter to Defendant ECBCC, and Defendant UNDERHILL restating the requests. See Exhibit E.

56) Plaintiff also sent request 3 to Defendant ECBCC's attorney, Alison Rogers.

57) As of the filing of this Complaint, Defendant ECBCC has either failed to even confirm receipt of Plaintiff's public records requests, or has otherwise failed to provide any records in response thereto.

Complaint

58) The records Plaintiff requests fall within the scope of Chapter 119, and no exemption applies.

59) Accordingly, Defendant ECBCC must fully disclose all records relevant to Plaintiff's requests 1, 2, and 3.

60) As of the filing of this Complaint, Defendant ECBCC has failed to fully disclose any records relevant to Plaintiff's requests, in violation of Chapter 119.

61) Thus, Defendant ECBCC has unlawfully refused to permit Plaintiff from inspecting or copying public records, or has failed to maintain a copy of the records, in violation of its obligations under Chapter 119.

62) Plaintiff has incurred attorney's fees and costs in pursuing this action.

WHEREFORE, Plaintiff respectfully requests this Court set an accelerated hearing pursuant to Section 119.11, Florida Statutes; Order that Defendants immediately comply with Plaintiff's request 1, request 2, and request 3; award Plaintiff attorney's fees and costs; and grant all other relief deemed just and appropriate.

## COUNT V- VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS

### (Against Defendant Underhill in his Official Capacity)

63) Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-two (62) above as if fully set forth herein.

64) "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridge the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. Amend. 1.

65) Speech on matters of public concern fall within the core of First Amendment protection. <u>Engquist v. Or. Dep't of Agric.</u>, 553 U.S. 591, 600 (2008).

66) Social media platforms owned and controlled by government entities, and elected officials are subject to First Amendment scrutiny. <u>See</u> <u>Knight First Amendment Inst. at Columbia Univ. v. Trump</u>, 302 F. Supp. 3d 541, 577 (S.D.N.Y. May 23, 2018) (finding blocking users from President Trump's twitter account was a violation of the First Amendment); <u>Jordan v. Bell</u>, Case No. 4:17cv473-RH/CAS, (N.D. Fla. Aug. 28, 2018) (granting summary judgment in favor of the plaintiff under similar facts) (attached hereto as exhibit F).

67) The ability to read comments, and engage in the discourse occurring on a government social media platform page is speech on matters of public concern, and protected by the First Amendment. <u>See</u> <u>id.</u> at 563.

68) "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

69) Defendant UNDERHILL owns or controls both Facebook pages referenced above.

70) Defendant UNDERHILL uses both Facebook pages to conduct and engage in County business by posting comments, replying to comments, posting photographs, and posting links regarding matters of public concern.

71)   Moreover, unblocked users can interact with Defendant UNDERHILL's Facebook pages by replying to comments, links, or photographs posted by Defendant UNDERHILL, or other users; posting their own comments, links, or photographs; and sharing Defendant UNDERHILL's posts.

72)   Additionally, Defendant UNDERHILL engages with users in back and forth discussion at his discretion under both Facebook aliases.

73)   Here, both Facebook accounts are a matter of public concern because Defendant UNDERHILL uses both accounts to discuss, conduct, and/or engage in matters which relate to County business.

74)   Defendant UNDERHILL has caused the deprivation of Plaintiff's First Amendment rights by blocking, restricting, excluding, or otherwise limiting Plaintiff's access to his Facebook pages, preventing Plaintiff from engaging in speech protected under the First Amendment.

75)   Defendant UNDERHILL's unlawful actions amount to viewpoint discrimination, and were done specifically with intent to deprive Plaintiff of his First Amendment rights, and animated by, in part, the fact that Plaintiff is a vocal political opponent of Defendant UNDERHILL.

76)   As a direct and proximate result of Defendant UNDERHILL's unlawful actions, Plaintiff has suffered, and continues to suffer the deprivation of his First Amendment rights.

77)   Plaintiff has incurred attorney's fees and costs in bringing this action.

Complaint

WHEREFORE, Plaintiff prays for declaratory relief, and respectfully requests judgment as follows:

a) Trial by jury on all contested factual issues in this matter;

b) Preliminary/permanent injunctive relief compelling Defendants to provide Plaintiff with equal, and unfettered access to Defendant UNDERHILL's Facebook pages;

c) A judgement stating that Defendant UNDERHILL's conduct in blocking, limiting, or otherwise excluding access to his Facebook pages is a violation of the First Amendment of the U.S. Constitution;

d) Award punitive damages in favor of Plaintiff;

e) Award compensatory damages in favor of Plaintiff;

f) Award Attorney's fees, statutory fees, and costs pursuant to 42 U.S.C. § 1988.

g) Grant such other relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

## COUNT VI- VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS

### (Against Defendant Underhill in his Official Capacity)

78) Plaintiff re-alleges, and incorporates paragraphs one (1) through seventy-seven (77) as if fully set forth herein.

79) The Fourteenth Amendment provides "No State shall . . . deprive any person of life, liberty, or property without due process of law[.]" U.S. Cons. Amend. XIV, § 1.

80) It is well established that, at minimum, due process requires that an individual be given notice and opportunity to be heard at a meaningful time and in a meaningful manner before they are deprived of any significant liberty or property interest.

Complaint

81) Defendant UNDERHILL, by failing to establish, or enforce any guidelines, policies, or procedures relating to public access to Defendant UNDERHILL's Facebook page, blocking, excluding, or otherwise limiting Plaintiff's access to the Facebook pages, without any notice to Plaintiff, and without an opportunity to be heard before Defendants took this action, have deprived Plaintiff of his fundamental right to due process under the Fourteenth Amendment.

WHEREFORE, Plaintiff prays for declaratory relief, and respectfully requests judgment as follows:

a) Trial by jury on all contested factual issues in this matter;

b) Preliminary/permanent injunctive relief compelling Defendants to provide Plaintiff with equal, and unfettered access to Defendant UNDERHILL's Facebook pages;

c) A judgment stating that Defendant UNDERHILL's conduct in blocking, limiting, or otherwise excluding access to his Facebook pages is a violation of the Fourteenth Amendment of the U.S. Constitution;

d) Award punitive damages in favor of Plaintiff;

e) Award compensatory damages in favor of Plaintiff;

f) Award Attorney's fees, statutory fees, and costs pursuant to 42 U.S.C. § 1988.

g) Grant such other relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

## COUNT VII- VIOLATION OF PLAINTIFF'S FIRST AMENDMENT

### (Against Defendant Underhill in his Individual Capacity)

82) Plaintiff re-alleges, and incorporates paragraphs one (1) through eighty-one (81) as if fully set forth herein.

83) When Defendant UNDERHILL was sworn in as County Commissioner for Escambia County Florida, he took an oath promising to support, protect, and defend the Constitution and Government of the United States and the State of Florida.

84) The Defendant UNDERHILL has consistently failed to support and defend the Constitution and government of the United States and the state of Florida during the time that he was a county commissioner for Escambia County.

85) Some of the ways in which the Defendant has failed to support and defend the Constitution and government of the United States and the state of Florida include, but are not limited to the following:

a) Despite having knowledge of the EBCC's technology policy, Defendant UNDERHILL intentionally violated the ECBCC technology policy.

b) Despite being advised by the County attorney that social media accounts were public forums, Defendant UNDERHILL intentionally refused to provide Plaintiff the documents requested in the Plaintiff's public record request, and he continues to block, exclude, restrict, or otherwise limit Plaintiff's access to public forum.

c) Despite being advised by the County attorney that social media accounts were public forums, Defendant UNDERHILL intentionally refused to provide the County Attorney copies of his Facebook pages so they could respond to public record request.

Complaint

d)    Despite being advised by the County attorney that social media accounts were public forums, Defendant UNDERHILL intentionally refused to provide EBCC copies of his Facebook post and instant messages so that same could be organized and preserved as required by EBCC's public record policy.

e)    Despite being advised by the County attorney that social media accounts were public forums, Defendant UNDERHILL intentionally refused to allow the Plaintiff and other citizens of Escambia County full or proper access to his social media accounts on Facebook.

f)    In voting to remove the EBCC's technology policy, Defendant UNDERHILL was more concerned with his own First Amendment rights, while showing disdain for the citizens of Escambia County's rights

g)    Defendant continues to disregard the advice of the County attorney, the laws and Constitution of the United States and State of Florida, and prior Court rulings, in refusing to provide public records and allow proper access to his Facebook.   In addition to being contrary to the interest of the Citizens of Escambia County, the Defendant's actions cause an unreasonable waste of County time, funds and subject the County to additional attorney fees.

86)    These actions of the Defendant, UNDERHILL were conducted contrary to Defendant UNDERHILL's duties as a County Commissioner and were taken for Defendants personal interest, gain desires, or aspirations.

Complaint

87) In voting to remove the EBCC's technology policy, Defendant UNDERHILL is more concerned with his First Amendment rights, while showing disdain for the citizens of Escambia County's First Amendment rights by blocking, excluding, or otherwise limiting his constituents' access to both of UNDERHILL's Facebook pages.

88) Plaintiff is entitled to compensatory punitive damages against Defendant UNDERHILL individually as his conduct violated well-established Florida laws, was viewpoint discrimination clearly motivated by an evil and malicious intention to silence, and exclude a vocal political opponent, and Defendant UNDERHILL further acted recklessly and with callous indifference towards Plaintiff's rights.

WHEREFORE, Plaintiff prays for declaratory relief, and respectfully requests judgment as follows:

a) Trial by jury on all contested factual issues in this matter;

b) Preliminary/permanent injunctive relief compelling Defendants to provide Plaintiff with equal, and unfettered access to Defendant UNDERHILL's Facebook pages;

c) A judgement stating that Defendant UNDERHILL's conduct in blocking, limiting, or otherwise excluding access to his Facebook pages is a violation of the First Amendment of the U.S. Constitution;

d) Award punitive damages in favor of Plaintiff;

e) Award compensatory damages in favor of Plaintiff;

f) Award Attorney's fees, statutory fees, and costs pursuant to 42 U.S.C. § 1988.

g) Grant such other relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

## COUNT VIII- VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS

### (Against Defendant Underhill in his Individual Capacity)

89) Plaintiff re-alleges, and incorporates paragraphs one (1) through eighty-eight (88) as if fully set forth herein.

90) The Fourteenth Amendment provides "No State shall . . . deprive any person of life, liberty, or property without due process of law[.]" U.S. Cons. Amend. XIV, § 1.

91) It is well established that, at minimum, due process requires that an individual be given notice and opportunity to be heard at a meaningful time and in a meaningful manner before they are deprived of any significant liberty or property interest.

92) Defendant UNDERHILL, by failing to establish, or enforce any guidelines, policies, or procedures relating to public access to Defendant UNDERHILL's Facebook page, blocking, excluding, or otherwise limiting Plaintiff's access to the Facebook pages, without any notice to Plaintiff, and without an opportunity to be heard before Defendants took this action, have deprived Plaintiff of his fundamental right to due process under the Fourteenth Amendment.

93) Plaintiff is entitled to compensatory punitive damages against Defendant UNDERHILL individually as his conduct violated well-established Florida laws, was clearly motivated by an evil and malicious intention to silence, and exclude a vocal political opponent, and Defendant UNDERHILL further acted recklessly and with callous indifference towards Plaintiff's rights.

Complaint

WHEREFORE, Plaintiff prays for declaratory relief, and respectfully requests judgment as follows:

h) Trial by jury on all contested factual issues in this matter;

i) Preliminary/permanent injunctive relief compelling Defendants to provide Plaintiff with equal, and unfettered access to Defendant UNDERHILL's Facebook pages;

j) A judgment stating that Defendant UNDERHILL's conduct in blocking, limiting, or otherwise excluding access to his Facebook pages is a violation of the Fourteenth Amendment of the U.S. Constitution;

k) Award punitive damages in favor of Plaintiff;

l) Award compensatory damages in favor of Plaintiff;

m) Award Attorney's fees, statutory fees, and costs pursuant to 42 U.S.C. § 1988.

n) Grant such other relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED this 4th day of October, 2019.

Respectfully submitted,

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 015484
TRAVIS P. LAMPERT, ESQ.
FL Bar No. 0099843
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com

Complaint

*Attorneys for Plaintiff*