**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

DAVID BEAR

Plaintiff,

vs. CASE NUMBER:

ESCAMBIA COUNTY BOARD
OF COUNTY COMMISSIONERS; and
DOUGLAS UNDERHILL

Defendants.
_______________________________________/

# FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff, DAVID BEAR (Plaintiff), by and through undersigned counsel, herby files this First Amended Complaint against Defendants ESCAMBIA COUNTY BOARD OF COUNTY COMMISSIONERS (ECBCC), and DOUGLAS UNDERHILL (UNDERHILL) (collectively referred to as Defendants), and states as follows:

## JURISDICTION AND VENUE

1) This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of fees and costs, and injunctive relief.

2) This action is brought under 42 U.S.C. § 1983, and Chapter 119, Florida Statutes.

3) This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
www.JJCanHelp.com

4) This Court has supplemental jurisdiction over the claims brought under Chapter 119, Florida Statutes, pursuant to 28 U.S.C. § 1367 because the cause of action arises out of the same facts and issues the claims brought pursuant to 42 U.S.C. § 1983 such that they form part of the same case or controversy.

## PARTIES

5) Plaintiff is a resident of Escambia County, Florida.

6) Defendant ECBCC is a local government entity which governs the County of Escambia, in the State of Florida.

7) Escambia County is divided into five (5) districts, with one county commissioner elected from each district to serve as the legislative and policy setting body of Escambia County under Chapter 125, Florida Statutes.

8) Defendant UNDERHILL is a resident of Escambia County, and is the County Commissioner of Escambia County District 2.

## FACTUAL BACKGROUND

9) Defendant UNDERHILL has served on the ECBCC since 2014.

10) On or about August 20, 2009, the ECBCC adopted a County Commissioners' Technology Policy which regulated county commissioners' use of social network accounts. According to said policy,

> Commissioners shall not discuss County business on social networking sites, including, but not limited to, Facebook . . . . However, a commissioner may post a story forum comment or response on a blog on a site



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
www.JJCanHelp.com

> maintained by another person or media outlet regarding County business so long as the commissioner posts the comment or response using the commissioner's actual name and the commissioner does not post a comment or response when another commissioner has already posted on that specific article or issue. **A copy of any such posting shall be retained by the County.** (emphasis added)

11) Facebook is a social media networking website accessible to users through the internet, and which allows users of the website to post comments, share photographs, link to other websites, and engage in general discourse.

12) Despite the County policy, Defendant UNDERHILL claims that he frequently utilized, and still utilizes his Facebook pages as a tool of governance by, including but not limited to, using his Facebook pages to inform the public of County activities, agenda items, and County projects; discussing or conducting matters related to Escambia County business, or otherwise engaging in matters of public interest.

13) Defendant UNDERHILL was familiar with the County Commissioners' Technology Policy and has readily acknowledged his lack of compliance with the policy numerous times throughout his tenure as a commissioner, including at a Committee of the Whole meeting on May 9th, 2019, and again at the Board of County Commissioners regular meeting on May 16th, 2019.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

14) The ECBCC voted to “drop the policy’ [referring to the County Commissioners’ Technology Policy] on or about May 16, 2019.

15) Before ECBCC dropped the policy, ECBCC was aware that Defendant UNDERHILL, and the other county commissioners, as a matter of custom and practice, disregarded the policy, including the provisions which forbid the discussion of county business on social media cites and required the commissioners to provide copies of social media posts concerning county business to the County.

16) Further, ECBCC was aware that Defendant UNDERHILL blocked, restricted, or otherwise limited certain citizens, including Plaintiff, from full access to his Facebook pages.

17) Nevertheless, ECBCC has never taken action to address Defendant UNDERHILL’s, or any other commissioners’ violation of the policy or refusal to provide Plaintiff or other persons full access to these social medial sites.

18) Defendant UNDERHILL has utilized at least two Facebook pages over the course of his tenure as a commissioner and uses the following aliases: One page is maintained under the name “Commissioner Doug Underhill,” while the other page is maintained under the name “Douglas Underhill.”

19) Defendant UNDERHILL utilizes both Facebook pages to carry out his duties as a county commissioner, including posting comments and photographs concerning



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

county business, engaging in debates with county citizens on matters of public concern, or otherwise engaging in matters of public interest.

20) Defendant UNDERHILL has blocked, restricted, excluded, or otherwise limited Plaintiff from access to his “Douglas Underhill” Facebook page while other Escambia County residents continue to enjoy full access to that page.

21) Plaintiff has requested full access to the “Douglas Underhill” Facebook page multiple times, but Defendant Underhill refuses to provide access because Defendant UNDERHILL disagrees with Plaintiff’s views

22) Additionally, Defendant UNDERHILL blocks, restricts, excludes, or otherwise limits Plaintiff from seeing certain comments posted to the “Commissioner Doug Underhill” page, even though Plaintiff has requested to be unblocked multiple times. This prevents Plaintiff from full access to a public forum created by the Defendant UNDERHILL and acts as viewpoint discrimination.

23) For example, , Defendant UNDERHILL limits the ability of Plaintiff, and others, to see all comments made on his “Commissioner Doug Underhill” Facebook page by placing settings on his page or otherwise preventing Plaintiff and others from access to an accurate, and complete record of all comments, or posts made on the page.

24) The Defendant UNDERHILL has admitted that he hides or otherwise limits access to see all comments made on his “Commissioner Doug Underhill” Facebook page.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

25) ECBCC knew that it was improper to exclude people from social media accounts as their attorney, Alison Rogers, on multiple occasions, advised Defendant UNDERHILL, and other County Commissioners that courts have ruled elected officials' social media accounts can be public forums, and that blocking a citizen can be done in only "very" limited circumstances. See Exhibit A; Exhibit B.

26) As a result of Defendant UNDERHILL blocking, excluding, or otherwise limiting Plaintiff from full access to one or both of his Facebook pages, Defendant UNDERHILL has improperly limited, and continues to limit, Plaintiff's ability to utilize Facebook to engage in discussions concerning matters related to Escambia County government.

27) In an effort to engage in the discussions, seek redress from his government, and the discovery of information discussed on Defendant UNDERHILL's Facebook pages, Plaintiff made several public records requests pursuant to Chapter 119, Florida Statutes related to content contained on Defendant UNDERHILL's Facebook pages, much of which was not accessible to Plaintiff due to the limitations employed by Defendant UNDERHILL.

28) Pursuant to Section 119.01(1), Florida Statutes, "It is the policy of this state that all state, county, and municipal records are open for personal inspection and copying by any person. Providing access to public records is a duty of each agency."



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

29) “Providing access to public records by remote electronic means is an additional method of access that agencies should strive to provide to the extent feasible. If an agency provides access to public records by remote electronic means, such access should be provided in the most cost-effective and efficient manner available to the agency providing the information. Section 119.01(2)(e), Florida Statutes (2018).

30) Each agency that maintains a public record in an electronic record keeping system shall provide to any person, pursuant to this chapter, a copy of any public record in that system which is not exempted by law from public disclosure. An agency must provide a copy of the record in the medium requested if the agency maintains the record in that medium, and the agency may charge a fee in accordance with this chapter. For the purpose of satisfying a public records request, the fee to be charged by an agency if it elects to provide a copy of a public record in a medium not routinely used by the agency, or if it elects to compile information not routinely developed or maintained by the agency or that requires a substantial amount of manipulation or programming, must be in accordance with s. 119.07(4). Section 119.01(2)(f), Florida Statutes, (2018).

31) Pursuant to Section 119.011(12), Florida Statutes, “Public records” means all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

or ordinance or in connection with the transaction of official business by any agency.

32) Defendant UNDERHILL, has failed or refused to provide complete responses to said public record requests.

33) Defendant UNDERHILL has publicly stated via Facebook that he previously turned over the login/access to his Facebook account to either Escambia County Attorney's office or the IT department for the county.

34) Defendant ECBCC has also failed to provide complete responses to the records requested.

**COUNT I- CHAPTER 119 VIOLATION AGAINST DEFENDANT DOUGLAS UNDERHILL**

**(PUBLIC RECORDS REQUEST 1)**

35) Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully set forth herein.

36) Pursuant to Section 119.01(1), Florida Statutes, "[i]t is the policy of this state that all state, county, and municipal records are open for personal inspection and copying by any person. Providing access to public records is a duty of each agency."

37) Pursuant to Section 119.011(12), Florida Statutes, "Public records" means all documents, papers, letters, maps, books, tapes, photographs, films, sound



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
www.JJCanHelp.com

recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency

38) In or about April 2019, Plaintiff submitted a public record request pursuant to Chapter 119, Florida Statutes, to ECBCC. ECBCC responded to this public record request on April 30, 2019 and provided some documents. However, they did not provide all of the documents requested . See composite exhibit C. As such, on April 30, 2019, the plaintiff emailed Allison Rogers and Alain Espinosa, both employees with ECBCC, and further clarified his request as follows:

> My official request for public records: (Time period - since Underhill was elected to office)
>
> * I would like any response or comment Commissioner Underhill has made about the social media policy.
>
> * I want any document with Commissioner Underhill's comments about the act of blocking and/or hiding viewpoints on social media, including his agreement and/or disagreement with it.
>
> These records may exist in any form; email, text messages, social media posts, etc. According to the policy, Section B.5. Social Networking Accounts, Twitter, Story Forum Comments, Blogs and Similar Communications, a copy of any such posting shall be retained by the County. My request includes all postings/comments where Commissioner Underhill made mention of blocking and/or hiding comments on Facebook. This includes both his personal and public accounts since he conducts County business on both.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

39) On or about May 1, 2019, Mr. Espinoza responded to the Plaintiff's "clarified" public record request that was made on April 30, 2019 and provided some documents. However, Mr. Espinoza's response did not include social network comments made by the Defendant, Underhill, on his social media pages, both personal and public, regarding the topic at issue. See composite exhibit C.

40) On May 2, 2019, Kristin Hual, Senior Assistant County Attorney with ECBCC responded to the plaintiff and advised that they will provide any responsive records in accordance with Florida law.

41) On about September 6, 2019, when the plaintiff had not received a response to his clarified public record request, the plaintiff again contacted ECBCC through their attorneys, Kristin Hual and Alison Rogers to determine the status of same. As indicated in composite Exhibit C attached hereto, ECBCC had not provided a response. When the Plaintiff advised that a response was necessary, the ECBCC requested that Jonathan, the personal assistant to the Defendant UNDERHILL, provide the information either directly to the plaintiff, the plaintiff's attorney, or to the ECBCC attorney's office so that they can provide same. ECBCC specifically requested that Mr. Underhill provide comments made on a social media pages, both personal and public. See composite exhibit C.

42) The Defendant, UNDERHILL received a copy of the emails from ECBCC requesting the social media comments as referenced in composite exhibit C and



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

indicated that he would produce same by close of business on Monday, September 16, 2019.

43) The records requested by Plaintiff are a public record pursuant to Florida law.

44) Defendant UNDERHILL has an obligation under Florida law to preserve all public records.

45) Defendant UNDERHILL has an obligation under Florida law to respond to all public record requests.

46) Defendant UNDERHILL is in possession of the records requested in Plaintiff's Request 1.

47) Defendant UNDERHILL has failed and/or refused to respond to Plaintiff's public record request as required by Florida law.

48) Defendant UNDERHILL has failed and/or is refusing to take the appropriate action to preserve the items requested by Plaintiff and to place his Social Media postings/comments/history into the public record in accordance with the ECBCC and the State of Florida law/policies concerning public record request and public record. Thus, his actions are in violation of Escambia County policies and in violation of Florida law/policies

49) As of the filing of this Complaint, Defendant UNDERHILL has failed to respond to this public record request and continues to block, exclude, or limit Plaintiff from obtaining the information requested by Plaintiff's lawful public record request.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

50) The records Plaintiff requests fall within the scope of Chapter 119, and no exemption applies.

51) Accordingly, Defendant UNDERHILL must fully disclose all records relevant to Plaintiff's requests.

52) Plaintiff has incurred attorney's fees and costs in pursuing this action.

WHEREFORE, Plaintiff respectfully requests this Court set an accelerated hearing pursuant to Section 119.11, Florida Statutes; declare that Defendant UNDERHILL violated Chapter 119, Florida Statutes; Order that Defendant UNDERHILL immediately comply with Plaintiff's public records request; award Plaintiff attorney's fees and costs; and grant all other relief deemed just and appropriate.

**COUNT II- CHAPTER 119 VIOLATION AGAINST DEFENDANT DOUGLAS UNDERHILL**

**(PUBLIC RECORDS REQUEST 2)**

53) Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully set forth herein.

54) On or about June 3, 2019, Plaintiff made a separate, and additional request (request 2) pursuant to Chapter 119 to Defendant UNDERHILL's "Commissioner Doug Underhill" Facebook account which stated:

> Commissioner Doug Underhill Please consider this an official public records request for every conversation you've had on Facebook since March 1, 2019 where you mentioned by name, referred to, and inferred to



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
www.JJCanHelp.com

> anyone in the Bear family. These conversations are not limited to only original posts you've made on both your Commissioner Doug Underhill account or your Douglas Underhill account, but also all private messages made between either of those two accounts and anyone else you've mentioned, referred to, and inferred to anyone in the Bear family.

See Exhibit D.

55) That same day, Plaintiff amended request 2 to Defendant UNDERHILL via Facebook in a request that stated:

> Commissioner Doug Underhill Please consider this an official public records request for every conversation you've had on Facebook since March 1, 2019, where you mentioned by name, referred to, and implied to anyone in the Bear family. These conversations are not limited to only original posts you've made on both your Commissioner Doug Underhill account or your Douglas Underhill account, but also all private messages made between either of those two accounts and anyone else you've mentioned, referred to, and implied to anyone in the Bear family.

See Exhibit D.

56) On or about August 9, 2019, after receiving no response from Defendant UNDERHILL regarding request 2, Plaintiff sent a letter to Defendant ECBCC, and Defendant UNDERHILL restating, *inter alia*, request 2. See Exhibit E.

57) The records requested by Plaintiff are a public record pursuant to Florida law.

58) Defendant UNDERHILL has an obligation under Florida law to preserve all public records.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

59) Defendant UNDERHILL has an obligation under Florida law to respond to all public record requests.

60) Defendant UNDERHILL is in possession of the records requested in Plaintiff's Request 2.

61) Defendant UNDERHILL has failed and/or refused to respond to Plaintiff's public record request as required by Florida law.

62) Defendant UNDERHILL has failed and/or is refusing to take the appropriate action to preserve the items requested by Plaintiff and to place his Social Media postings/comments/history into the public record in accordance with the ECBCC and the State of Florida law/policies concerning public record request and public record. Thus, his actions are in violation of Escambia County policies and in violation of Florida law/policies.

63) As of the filing of this Complaint, Defendant UNDERHILL has failed to respond to this public record request and continues to block, exclude, or limit Plaintiff from obtaining the information requested by Plaintiff's lawful public record request.

64) The records Plaintiff requests fall within the scope of Chapter 119, and no exemption applies.

65) Accordingly, Defendant UNDERHILL must fully disclose all records relevant to Plaintiff's requests.

66) Plaintiff has incurred attorney's fees and costs in pursuing this action.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

WHEREFORE, Plaintiff respectfully requests this Court set an accelerated hearing pursuant to Section 119.11, Florida Statutes; declare that Defendant UNDERHILL violated Chapter 119, Florida Statutes; Order that Defendant UNDERHILL immediately comply with Plaintiff's public records request; award Plaintiff attorney's fees and costs; and grant all other relief deemed just and appropriate.

## **COUNT III- CHAPTER 119 VIOLATION AGAINST DEFENDANT DOUGLAS UNDERHILL**

## **(PUBLIC RECORDS REQUEST 3)**

67) Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully set forth herein.

68) On or about August 20, 2019, Plaintiff submitted a public records request (request 3) pursuant to Chapter 119, Florida Statutes, to Defendant UNDERHILL regarding the Douglas Underhill Facebook page, and requested the following information:

> Please accept this email as a public record request for a complete copy of the history and all post made to the "Douglas Underhill" Facebook account. This request includes copies of all post, edits to any post, comments to any post, copies of all Facebook messages (including the response), and copies of all pictures from said Facebook account. Please limit this In lieu of printing out these items, we request that you download the complete Facebook history for this page. To access and save this information, select the drop-down menu, select "Settings", then select "Your Facebook Information", go to "Download Your Information" and click "view", then "Create File" to confirm download request. To the extent that you contend that any of the information requested is not subject to public records law, please indicate same and the reason why it is not subject to disclosure



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

69) On or about August 27, 2019, Plaintiff sent an amended request 3 to Defendant UNDERHILL regarding the Douglas Underhill Facebook page, and requested the following information:

> Please accept this email as a public record request for a complete copy of the history and all post made to or on the "Douglas Underhill" Facebook account which are in any way related to your activities, duties or role of a commissioner of Escambia County, Florida. This request includes copies of all post, edits to any post, comments to any post, copies of all Facebook messages (including the response), and copies of all pictures from said Facebook account that relate to your activities, duties or role of a commissioner of Escambia County, Florida.

70) Both the Original Request number 3 and the Amended request number 3 were also sent to Defendant ECBCC's attorney, Alison Rogers.

71) The records requested by Plaintiff are a public record pursuant to Florida law.

72) Defendant UNDERHILL has an obligation under Florida law to preserve all public records.

73) Defendant UNDERHILL has an obligation under Florida law to respond to all public record requests.

74) Defendant UNDERHILL is in possession of the records requested in Plaintiff's Request 3.

75) Defendant UNDERHILL has failed and/or refused to respond to Plaintiff's public record request as required by Florida law.

76) Defendant UNDERHILL has failed and/or is refusing to take the appropriate action to preserve the items requested by Plaintiff and to place his Social Media



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
www.JJCanHelp.com

postings/comments/history into the public record in accordance with the ECBCC and the State of Florida law/policies concerning public record request and public record. Thus, his actions are in violation of Escambia County policies and in violation of Florida law/policies

77) As of the filing of this Complaint, Defendant UNDERHILL has failed to respond to this public record request and continues to block, exclude, or limit Plaintiff from obtaining the information requested by Plaintiff's lawful public record request.

78) The records Plaintiff requests fall within the scope of Chapter 119, and no exemption applies.

79) Accordingly, Defendant UNDERHILL must fully disclose all records relevant to Plaintiff's requests.

80) Plaintiff has incurred attorney's fees and costs in pursuing this action.

WHEREFORE, Plaintiff respectfully requests this Court set an accelerated hearing pursuant to Section 119.11, Florida Statutes; declare that Defendant UNDERHILL violated Chapter 119, Florida Statutes; Order that Defendant UNDERHILL immediately comply with Plaintiff's public records request; award Plaintiff attorney's fees and costs; and grant all other relief deemed just and appropriate.

## COUNT IV- CHAPTER 119 VIOLATION AGAINST DEFENDANT ESCAMBIA COUNTY BOARD OF COUNTY COMMISSIONERS



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

81) Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-three (33) above as if fully set forth herein.

82) Requests 1, 2 and 3 above were also sent to Defendant ECBCC.

83) Request 1 was sent to Defendant ECBCC on or about April 30, 2019.

84) On or about August 9, 2019, after receiving no response from Defendant UNDERHILL regarding public records request 2, and 3, Plaintiff sent a letter to Defendant ECBCC, and Defendant UNDERHILL restating those requests. See Exhibit E.

85) Plaintiff also sent request 3 to directly to Defendant ECBCC's attorney, Alison Rogers.

86) As of the filing of this Complaint, Defendant ECBCC has either failed to even confirm receipt of Plaintiff's public records requests, or has otherwise failed to provide any records in response thereto.

87) The records Plaintiff requests fall within the scope of Chapter 119, and no exemption applies.

88) Based on information and belief, the ECBCC contends that the documents requested are in the possession of Defendant UNDERHILL and that Defendant, UNDERHILL refuses to produce the documents in response to these requests.

89) Pursuant to Chapter 119, Florida Statutes, Defendant ECBCC has a duty to provide access to public records and to respond to all requests for public records.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
www.JJCanHelp.com

90) ECBCC is entitled to custody of the public records.

91) ECBCC has a duty to preserve the public records.

92) ECBCC has a duty to compile the public records.

93) ECBCC has a duty to demand public records from any person having possession of them.

94) ECBCC has a duty to take appropriate legal action against any person or entity that improperly or illegally has possession of the public records.

95) Defendant UNDERHILL is unlawfully and improperly refusing to provide ECBCC with access to his Facebook accounts so that they can respond to Plaintiff's public records requests.

96) In addition to violating Chapter 119 by not responding to Plaintiff's public record request, ECBCC has violated Chapter 119, Florida Statutes, and continues to violate Chapter 119 in that ECBCC is failing to take the appropriate actions to protect the public records of Escambia County.

97) In addition to violating Chapter 119 by not responding to Plaintiff's public record request, ECBCC has violated Chapter 119, Florida Statutes, and continues to violate Chapter 119 in that ECBCC is failing to take the appropriate actions to gather and compile the public records of Escambia County.

98) In addition to violating Chapter 119 by not responding to Plaintiff's public record request, ECBCC has violated Chapter 119, Florida Statutes, and continues to



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

violate Chapter 119 in that ECBCC is failing to take the appropriate actions to demand third parties provide copies of the public record when they are unlawfully possessing same or refusing to produce same.

99) In addition to violating Chapter 119 by not responding to Plaintiff's public record request, ECBCC has violated Chapter 119, Florida Statutes, and continues to violate Chapter 119 in that ECBCC has ignored public record requests, and do not acknowledge receipt of same or respond to same in a timely manner.

100) As of the date of filing this Complaint Defendant ECBCC has failed to take appropriate action against the Defendant UNDERHILL in demanding that he return, produce, or provide them a complete copy of the public records contained on his "Commissioner Doug Underhill" and "Douglas Underhill" Facebook pages

101) Plaintiff has incurred attorney's fees and costs in pursuing this action.

WHEREFORE, Plaintiff respectfully requests this Court set an accelerated hearing pursuant to Section 119.11, Florida Statutes; declare that the Defendant, ECBOCC, has violated Chapter 119, Florida Statutes, Order that Defendant, ECBOCC, immediately comply with Plaintiff's Public Record Request, and if they can't comply, find that they are in violation of Chapter 119, Florida Statutes by failing to take appropriate action to compile, protect, or demand that they records be returned; award Plaintiff attorney's fees and costs; and grant all other relief deemed just and appropriate.

**COUNT V- VIOLATION OF PLAINTIFF'S U.S. CONSTITUTIONAL RIGHTS**



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

**(Against Defendant Underhill in his Official Capacity)**

102) Plaintiff re-alleges and incorporates paragraphs one (1) through one hundred and one (101) above as if fully set forth herein.

103) "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridge the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. Amend. 1.

104) Further, First Amendment protections apply to state action as "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. 14.

105) Speech on matters of public concern fall within the core of First Amendment protection. Engquist v. Or. Dep't of Agric., 553 U.S. 591, 600 (2008).

106) Social media platforms owned and controlled by government entities, and elected officials are subject to First Amendment scrutiny. See Knight First Amendment Inst. at Columbia Univ. v. Trump, 302 F. Supp. 3d 541, 577 (S.D.N.Y. May 23, 2018) (finding blocking users from President Trump's twitter account was a violation of the First Amendment); Jordan v. Bell, Case No. 4:17cv473-RH/CAS, (N.D. Fla. Aug. 28, 2018) (granting summary judgment in favor of the plaintiff under similar facts) (attached hereto as exhibit F).



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
www.JJCanHelp.com

107) The ability to read comments, and engage in the discourse occurring on a government social media platform page is speech on matters of public concern, and protected by the First Amendment. See id. at 563.

108) "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

109) Defendant UNDERHILL owns or controls both Facebook pages referenced above.

110) Defendant UNDERHILL operates both Facebook pages pursuant to ECBCC policy, custom, or practice.

111) The "Commissioner Doug Underhill" Facebook page is a public forum and/or used by the Defendant as a public forum.

112) The "Douglas Underhill" Facebook page is a public forum and/or used by the Defendant as a public forum.

113) Defendant UNDERHILL's actions of excluding the plaintiff from his "Douglas Underhill" Facebook page deprives the plaintiff of his rights under the First Amendment of the U.S. Constitution by preventing Plaintiff from meaningful participation in the public forum created by the Defendant.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
www.JJCanHelp.com

114) Defendant UNDERHILL's actions of restricting the Plaintiff from seeing comments on his "Commissioner Doug Underhill" Facebook page deprives the Plaintiff of his rights under the First Amendment of the U.S. Constitution in that it prevents the Plaintiff from seeing the comments made by other persons on this public forum created by the Defendant, and it limits and restricts the Plaintiff from being able to communicate or express his opinions on this public forum.

115) Defendant UNDERHILL uses both Facebook pages as a tool of governance to conduct and engage in County business by posting comments informing the public of County activities, agenda items, and county projects; replying to comments, engaging in debates with county citizens regarding matters of public concern; and posting photographs, and posting links regarding matters of public concern.

116) Moreover, unblocked users can interact with Defendant UNDERHILL's Facebook pages by replying to comments, links, or photographs posted by Defendant UNDERHILL, or other users; posting their own comments, links, or photographs; and sharing Defendant UNDERHILL's posts.

117) Additionally, Defendant UNDERHILL engages with users in back and forth discussion at his discretion under both Facebook aliases.

118) Here, both Facebook accounts are a matter of public concern because Defendant UNDERHILL uses both accounts as a tool of governance.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

119) Defendant UNDERHILL's actions of limiting the Plaintiff's access to the Defendant's Facebook pages improperly interferes with the Plaintiff's right to free speech and expression as guaranteed by the U.S. Constitution.

120) Moreover, when the Plaintiff was not able to access the Defendants Facebook pages, he filed multiple public record request under Florida law so that he could see any comments that were made on these pages and attempt to participate in the public forum, exercise his rights to free speech, and/or obtain information so that he could seek redress from his government. However, Defendant UNDERHILL has failed and/or refused to provide the Plaintiff timely, complete, and proper responses to the public record request. Defendant UNDERHILL's actions in refusing to provide the Plaintiff proper and timely responses to the public record request further deprives the Plaintiff of his rights to free speech as guaranteed by the U.S. Constitution.

121) Defendant UNDERHILL has an established pattern and practice of refusing, and/or failing to respond to public record requests concerning his Facebook pages.

122) Though ECBCC had a written policy up until May 16, 2019 regarding County Commissioners' use of social media, both prior to, and after that date, ECBCC's policy in fact, custom, and practice was to permit commissioners to use social media pages to engage in County business, and further, it was the ECBBCC's policy, custom, and practice that ECBCC would take no action to prevent such



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

social media use, take no action to compile records derived from such social media use, take no action to preserve the records derived from such social media use, and did not force county commissioners to turn over complete responses to social media pages if the commissioner, such as Douglas Underhill, failed and or refused to produce same as part of a public record request.

123) ECBCC's policy in fact, custom, and practice described in paragraph 120 above was intended to permit, or had the effect of, allowing the County Commissioners use of social media websites, and the subsequent blocking, limiting, or restricting of persons from full access to the social media pages of the County Commissioners based on that person's view point.

124) Thus, Defendant UNDERHILL's actions were taken under the color of state law.

125) Defendant UNDERHILL's actions unlawfully exclude, or limit Plaintiff's access to a public forum, and/or amount to viewpoint discrimination and were done specifically with intent to deprive Plaintiff of his First Amendment rights, and animated, in part, by the fact that Plaintiff is a vocal political opponent of Defendant UNDERHILL.

126) As a direct and proximate result of Defendant UNDERHILL's unlawful actions, Plaintiff has suffered, and continues to suffer the deprivation of his First Amendment rights.

127) Plaintiff has incurred attorney's fees and costs in bringing this action.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

WHEREFORE, Plaintiff prays for declaratory relief, and respectfully requests judgment as follows:

a) Trial by jury on all contested factual issues in this matter;

b) Preliminary/permanent injunctive relief compelling Defendants to provide Plaintiff with equal, and unfettered access to Defendant UNDERHILL's Facebook pages;

c) A judgement stating that Defendant UNDERHILL's conduct in blocking, limiting, or otherwise excluding access to his Facebook pages is a violation of the First and Fourteenth Amendments of the U.S. Constitution;

d) Award punitive damages in favor of Plaintiff;

e) Award compensatory damages in favor of Plaintiff;

f) Award Attorney's fees, statutory fees, and costs pursuant to 42 U.S.C. § 1988.

g) Grant such other relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

**COUNT VI- VIOLATION OF PLAINTIFF'S U.S. CONSTITUTIONAL RIGHTS**

**(Against Defendant ECBCC)**

128) Plaintiff re-alleges, and incorporates paragraphs one (1) through one hundred and one (101) above as if fully set forth herein.

129) Despite having a social media policy which forbid County Commissioners from having social media pages, ECBCC knew that Defendant UNDERHILL, and other



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
www.JJCanHelp.com

County Commissioners, had social media pages and discussed County issues on said social media pages.

130) ECBCC took no action to enforce its rules concerning social media pages prior to the policy being abolished in May 2019.

131) ECBCC took no action to modify and or correct the social media policy since May 2019.

132) ECBCC knew that excluding people from Facebook pages hosted by County Commissioners was improper and/or a violation of the First Amendment.

133) ECBCC knew that the Defendant UNDERHILL, at least since 1/1/2019, blocked or limited access to his Facebook pages, as discussed herein, but took no action to prevent the Defendant UNDERHILL from limiting access to these Facebook pages.

134) ECBCC could have taken legal action and or Board of County Commissioners action to seek redress for Defendant UNDERHILL's violation of County policy and violation of the U.S. Constitution, First Amendment. However, ECBCC failed and/or refused to take any action.

135) ECBCC knew that citizens of Escambia County were being excluded from participating in conversations that were posted on Defendant UNDERHILL's Facebook pages.

136) ECBCC also knew that Plaintiff was excluded from Defendant UNDERHILL's Facebook pages, or otherwise had access limited.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

137) Further, ECBCC knew that Plaintiff filed public record request to obtain information that was posted on these public forms hosted by Defendant UNDERHILL but failed to take appropriate, proper, and timely legal action to assure that Plaintiff had access to the information on the Facebook pages and or could see in or participate in the conversations that were made on the Facebook pages.

138) Despite having a policy, prior to May 2019, concerning social media, and despite responding to some public record request, ECBCC, has a pattern and practice of failing to enforce its social media policy and guarantee the citizens of Escambia County equal and complete access to these Facebook public forums, including their ability to obtain information concerning the conversations in the public forums.

139) ECBCC could enforce policies concerning social media, could act to guarantee that citizens are allowed equal access to public forums, and could act to assure that they have the ability to properly respond to public record request concerning Defendant UNDERHILL and his Facebook pages, but has consistently, repeatedly, and systematically failed or refused to take action.

140) ECBCC refusal to act to protect the rights of citizens as noted herein evidences a pattern and practice of ECBCC to deny Plaintiff of his rights guaranteed by the U.S. Constitution.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

141) "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridge the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. Amend. 1.

142) Further, First Amendment protections apply to state action as "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. 14.

143) Speech on matters of public concern fall within the core of First Amendment protection. Engquist v. Or. Dep't of Agric., 553 U.S. 591, 600 (2008).

144) Social media platforms owned and controlled by government entities, and elected officials are subject to First Amendment scrutiny. See Knight First Amendment Inst. at Columbia Univ. v. Trump, 302 F. Supp. 3d 541, 577 (S.D.N.Y. May 23, 2018) (finding blocking users from President Trump's twitter account was a violation of the First Amendment); Jordan v. Bell, Case No. 4:17cv473-RH/CAS, (N.D. Fla. Aug. 28, 2018) (granting summary judgment in favor of the plaintiff under similar facts) (attached hereto as exhibit F).

145) The ability to read comments, and engage in the discourse occurring on a government social media platform page is speech on matters of public concern, and protected by the First Amendment. See id. at 563.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

146) "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

147) The Fourteenth Amendment provides "No State shall . . . deprive any person of life, liberty, or property without due process of law[.]" U.S. Cons. Amend. XIV, § 1.

148) Defendant ECBCC's actions or omissions, including its policies, customs, and practices described herein, violated, and continue to violate Plaintiff's rights by blocking, restricting, or otherwise limiting Plaintiff's access to both Facebook pages, i.e., public forums, and further refusing to timely, and fully respond to Plaintiff's public records requests.

149) Defendant ECBCC's actions or omissions described herein infringe one Plaintiff's fundamental rights under the First and Fourteenth Amendments of the U.S. Constitution.

150) Plaintiff has incurred attorney's fees and costs in pursuit of this action.

WHEREFORE, Plaintiff prays for declaratory relief, and respectfully requests judgment as follows:

a) Trial by jury on all contested factual issues in this matter;



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

b) Preliminary/permanent injunctive relief compelling Defendants to provide Plaintiff with equal, and unfettered access to Defendant UNDERHILL's Facebook pages;

c) A judgment stating that Defendant ECBCC's policy, custom, and/or practice in refusing, or failing to take any action to prevent Defendant UNDERHILL from blocking, limiting, or otherwise excluding access to his Facebook pages is a violation of the First and Fourteenth Amendments of the U.S. Constitution;

d) Award punitive damages in favor of Plaintiff;

e) Award compensatory damages in favor of Plaintiff;

f) Award Attorney's fees, statutory fees, and costs pursuant to 42 U.S.C. § 1988.

g) Grant such other relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

**COUNT VII- VIOLATION OF PLAINTIFF'S U.S. CONSTITUTIONAL RIGHTS**

**(Against Defendant Underhill in his Individual Capacity)**

151) Plaintiff re-alleges, and incorporates paragraphs one (1) through one hundred and one (101) above as if fully set forth herein.

152) When Defendant UNDERHILL was sworn in as County Commissioner for Escambia County Florida, he took an oath promising to support, protect, and defend the Constitution and Government of the United States and the State of Florida.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

153) The Defendant UNDERHILL has consistently failed to support and defend the Constitution and government of the United States and the state of Florida during the time that he was a county commissioner for Escambia County.

154) Some of the ways in which the Defendant's acts or omissions have violated clearly established Florida law and has failed to support and defend the Constitution and government of the United States and the state of Florida include:

a) Despite having knowledge of the EBCC's technology policy, Defendant UNDERHILL intentionally violated the ECBCC technology policy;

b) Despite being advised by the County attorney that social media accounts were public forums, Defendant UNDERHILL intentionally refused to provide Plaintiff the documents requested in the Plaintiff's public record request, and he continues to block, exclude, restrict, or otherwise limit Plaintiff's access to the public forum;

c) Despite being advised by the County attorney that social media accounts were public forums, Defendant UNDERHILL intentionally refused to provide the County Attorney copies of his Facebook pages so they could respond to public record request, or provide them access so that they could respond to the public record request;

d) Despite being advised by the County attorney that social media accounts were public forums, Defendant UNDERHILL intentionally refused to



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

provide EBCC copies of his Facebook post and private messages so that same could be organized and preserved as required by EBCC's public record policy;

e) Despite being advised by the County attorney that social media accounts were public forums, Defendant UNDERHILL intentionally refused to allow the Plaintiff and other citizens of Escambia County full or proper access to his social media accounts on Facebook;

f) In voting to remove the EBCC's technology policy, Defendant UNDERHILL was more concerned with his own First Amendment rights, while showing disdain for the citizens of Escambia County's rights;

g) Defendant UNDERHILL failed, and/or refused to comply with lawful public records requests made pursuant to Chapter 119, Florida Statutes, as alleged in Counts 1-3 above.

h) Defendant continues to disregard the advice of the County attorney, the laws and Constitution of the United States and State of Florida, and prior Court rulings, in refusing to provide public records and allow proper access to his Facebook. In addition to being contrary to the interest of the Citizens of Escambia County, the Defendant's actions cause an unreasonable waste of County time, funds and subject the County to additional attorney fees.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

155) These actions of the Defendant, UNDERHILL were conducted contrary to Defendant UNDERHILL's duties as a County Commissioner and were taken for Defendants personal interest, gain desires, or aspirations.

156) In voting to remove the EBCC's technology policy, Defendant UNDERHILL was more concerned with his First Amendment rights, while showing disdain for the citizens of Escambia County's First Amendment rights by blocking, excluding, or otherwise limiting his constituents' access to both of UNDERHILL's Facebook pages.

157) "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridge the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. Amend. 1.

158) Further, First Amendment protections apply to state action as "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. 14.

159) Speech on matters of public concern fall within the core of First Amendment protection. Engquist v. Or. Dep't of Agric., 553 U.S. 591, 600 (2008).

160) Social media platforms owned and controlled by government entities, and elected officials are subject to First Amendment scrutiny. See Knight First Amendment



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
www.JJCanHelp.com

Inst. at Columbia Univ. v. Trump, 302 F. Supp. 3d 541, 577 (S.D.N.Y. May 23, 2018) (finding blocking users from President Trump's twitter account was a violation of the First Amendment); Jordan v. Bell, Case No. 4:17cv473-RH/CAS, (N.D. Fla. Aug. 28, 2018) (granting summary judgment in favor of the plaintiff under similar facts) (attached hereto as exhibit F).

161) The ability to read comments, and engage in the discourse occurring on a government social media platform page is speech on matters of public concern, and protected by the First Amendment. See id. at 563.

162) "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

163) Defendant UNDERHILL's actions unlawfully exclude, or limit Plaintiff from full access to a public forum, and/or amount to viewpoint discrimination and were done specifically with intent to deprive Plaintiff of his First and Fourteenth Amendment rights, and animated, in part, by the fact that Plaintiff is a vocal political opponent of Defendant UNDERHILL.



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

164) As a direct and proximate result of Defendant UNDERHILL's unlawful actions, Plaintiff has suffered, and continues to suffer the deprivation of his First Amendment rights.

165) Plaintiff has incurred attorney's fees and costs in bringing this action

166) Plaintiff is entitled to compensatory punitive damages against Defendant UNDERHILL individually as his conduct violated well-established Florida laws, violated Plaintiff's rights under the First Amendment by excluding Plaintiff from access to a public forum, and viewpoint discrimination clearly motivated by an evil and malicious intention to silence, and exclude a vocal political opponent, and Defendant UNDERHILL further acted recklessly and with callous indifference towards Plaintiff's rights.

167) Plaintiff has incurred attorney's fees and costs in pursuit of this action.

WHEREFORE, Plaintiff prays for declaratory relief, and respectfully requests judgment as follows:

a) Trial by jury on all contested factual issues in this matter;

b) Preliminary/permanent injunctive relief compelling Defendants to provide Plaintiff with equal, and unfettered access to Defendant UNDERHILL's Facebook pages;

c) A judgment stating Defendant UNDERHILL is individual liable for violating Plaintiff's rights;



Law Office of J.J. Talbott
900 East Moreno Street
TEL 850-437-9600 FAX 850-437-0906
*www.JJCanHelp.com*

d) A judgement stating that Defendant UNDERHILL's conduct in blocking, limiting, or otherwise excluding access to his Facebook pages is a violation of the First and Fourteenth Amendments of the U.S. Constitution;

e) Award punitive damages in favor of Plaintiff;

f) Award compensatory damages in favor of Plaintiff;

g) Award Attorney's fees, statutory fees, and costs pursuant to 42 U.S.C. § 1988.

h) Grant such other relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

DATED this 13th day of December, 2019.

Respectfully submitted,

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 015484
TRAVIS P. LAMPERT, ESQ.
FL Bar No. 0099843
Law Office of Jeremiah J. Talbott, P.A.
900 E. Moreno Street
Pensacola, Fla. 32503
(850) 437-9600 / (850) 437-0906 (fax)
jjtalbott@talbottlawfirm.com
civilfilings@talbottlawfirm.com
*Attorneys for Plaintiff*