UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: MODIFICATION TO
FINAL SCHEDULING ORDER IN
CIVIL CASES ASSIGNED TO                   Case No. 4:95mc40111
JUDGE M. CASEY RODGERS
_____/

## ADMINISTRATIVE ORDER NO. 4

On April 2, 2020, the Court entered an administrative order imposing a stay on discovery (with the exception of written discovery) and tolling the corresponding mediation and dispositive motions deadlines in all civil cases with a Final Scheduling Order in which the parties were engaged in discovery as of March 12, 2020, in light of the continued public health risks posed by the global pandemic of coronavirus.[1]  This Order amends the previous order by lifting the stay of discovery, and reinstating the corresponding mediation and dispositive motions deadlines, effective today, in all civil cases to which the previous order applied.  As previously explained, this means that, effective today, the original discovery, mediation, and dispositive motions periods resume, with the parties having whatever time was remaining according to the Final Scheduling Order (and any Court-authorized

---

[1] In March 2020, the Court entered two administrative orders suspending all discovery (with the exception of written discovery) and tolling the corresponding deadlines for mediation and/or dispositive motions, for 30 days.

extension) entered in their respective cases as of March 12, 2020.  So, for example, if on March 12, 2020, the parties had two weeks left in their discovery period, then, effective today, they have two weeks to complete discovery.  The parties are directed to go forward with mediations and settlement conferences by remote means, such as telephone, Zoom, or other remote conferencing technology.

In order to continue protecting the public health while also promoting the "just, speedy, and inexpensive determination of every action and proceeding," *see* Fed. R. Civ. P. 1, it is hereby ordered that depositions may be taken via videoconference or other remote means, and may be recorded by any reliable audio or audiovisual means, as provided in Federal Rules of Civil Procedure 30(b)(3) and (b)(4).  The modern technology for remote depositions is of exceptionally high quality, including with respect to the accessibility and use of documents and files.  The parties are directed to explore and utilize these technologies to the fullest extent possible.  This Order does not dispense with the requirements set forth in Rule 30(b)(5), including the requirement that, unless the parties stipulate otherwise, a deposition must be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer.  For the avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means used to connect

all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

**SO ORDERED**, on this 13th day of May, 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**