## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSCAOLA DIVISION

**DAVID BEAR,**

      **Plaintiff,**

**v.**                     **CASE NO. 3:19cv4424-MCR-HTC**

**ESCAMBIA COUNTY BOARD OF**
**COUNTY COMMISSIONERS, and**
**DOUGLAS UNDERHILL,**

      **Defendants.**
_____/

## AMENDED REPORT AND RECOMMENDATION

This matter has been referred for consideration of new exhibits filed by Plaintiff David Bear in support of his objections, ECF No. 57, to the previously filed Report and Recommendation dated March 23, 2020, ECF No. 50.  Having fully considered the new exhibits and related arguments, the Report and Recommendation is hereby amended as follows.[1]

Bear filed suit against Defendant Escambia County Board of Commissioners ("Board") and Defendant Douglas Underhill, an elected Commissioner on the Board (in his official and individual capacities), alleging violations of Florida's public

---

[1] This Amended Report and Recommendation incorporates by reference the facts and conclusions stated in the March 23, 2020 Report and Recommendation, except as amended herein, and will not reiterate them again in detail.

records law and the First Amendment after Underhill blocked Bear from Underhill's privately owned and maintained social media Facebook pages. *See* 42 U.S.C. § 1983. The Board and Underhill moved to dismiss the § 1983 claims of the First Amended Complaint—Counts V and VI (against the Board and Underhill in his official capacity), and VII (against Underhill in his individual capacity). By Report and Recommendation, the undersigned recommended granting the motions on finding no plausible allegation of state action by the Board or Underhill individually that could have caused the alleged First Amendment violations, concluding that amendment would be futile, and recommending the remaining claims be remanded to state court. ECF No. 50.

Bear filed a timely objection to the Report and Recommendation, challenging the reasoning and conclusions that (1) he failed to state a plausible claim of state action for purposes of his § 1983 claim against Underhill in his individual capacity; (2) that he failed to state a plausible custom of inaction by the Board; and (3) that amendment would be futile. ECF No. 57. In support of his arguments, Bear attached new social media pages from the "Commissioner Doug Underhill" Facebook page, showing it is listed as a Politician page, it is owned by "Commissioner Doug Underhill," and it includes his official contact information—government email, county office phone number, and county website. ECF. No. 57-1. Bear also

submitted an affidavit by Underhill, prepared for a different lawsuit, in which he states that he uses social media sites to carry out his job, to educate citizens about matters of public concern, and to inform them of the opinions and information that influence his decisions as Commissioner.  ECF. No. 57-2.  The Board filed a response to the objection, ECF No. 59; Underhill did not respond.  As noted above, before resolving the objections, the District Court referred the newly submitted exhibits to the undersigned to consider whether it is necessary to alter the analysis or recommendations in light of them and to file an amended Report and Recommendation reflecting that review.

With respect to the Board, Bear asserts that the undersigned misunderstood his argument and misapplied the law in concluding that the First Amended Complaint failed to state a plausible claim of a custom of inaction.  Respectfully, the undersigned disagrees and finds no grounds to alter or amend the prior recommendation as to the Board.  There is a disconnect in Bear's argument.  The First Amendment violation he alleged stems from Underhill's conduct of blocking citizen speech, whereas the custom of inaction alleged is based on the Board's failure to correct Underhill's violations of a policy prohibiting the conducting of County business on social media, and adverse inferences flowing from the Board's decision to abandon that policy, not a failure to stop him blocking citizen speech in violation

of the policy.  Absent an allegation that the Board was aware of Underhill or other Commissioners blocking citizen speech in social media sites and disregarded it, there can be no plausible allegation of a custom of inaction causing the alleged First Amendment violation.  Moreover, exhibits attached to the First Amended Complaint show that the County Attorney took steps to expressly instruct Commissioners not to block a citizen from a social media site and to inform them of evolving caselaw on the subject.[2]  The new exhibits provide no insight into the Board's knowledge and thus do no not warrant a change in the analysis or conclusion of the March 23, 2020, Report and Recommendation as to Counts V and VI.

As to the claim against Underhill in his individual capacity (Count VII), however, the new exhibits demonstrate that Bear should be given an opportunity to amend.  "Section 1983 does not federalize all torts or other deprivations of rights committed by a person who is a law enforcement officer or other government agent[,] . . [but] covers only those deprivations committed 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia.'" *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265

---

[2] It is alleged only that the Board knew it was improper to block citizens from the social media sites of elected officials, ECF No. 18, at ¶25, not that the Board knew Underhill was blocking citizens and tacitly authorized it.

(11th Cir. 2012) (quoting 42 U.S.C. § 1983).  This "acting under color of state law" element is a fact-intensive inquiry, requiring courts to consider whether officers or government officials were acting only as private individuals or, instead, as government officials undertaking to perform official duties, "whether they hew to the line of their authority or overstep it."  *Id.* (quoting *Screws v. United States*, 325 U.S. 91, 111 (1945)).  As Bear contends and the Report and Recommendation recognized, courts confronted with the issue of whether a politician's act of blocking citizen speech from his or her social media site was taken under color of state law have mostly addressed it on a fully developed record.  *See generally, One Wisconsin Now v. Kremer*, 354 F. Supp. 3d 940 (W.D. Wisc. 2019) (finding on summary judgment record that a state representative's creation of a Twitter account was state action based on several factors); *Davison v. Loudoun Cty. Bd. of Supervisors*, 267 F. Supp. 3d 702, 715 (E.D. Va. 2017) (finding state action by County Chair on summary judgment record), *aff'd sub. nom Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019), *as amended* (Jan. 9, 2019).

Having reviewed the new exhibits and Bear's objection, the undersigned finds that Bear can make a plausible allegation consisting of more than Underhill's mere use of a title on a privately owned Facebook account and more than mere conclusory allegations that he was using the page as a "tool of governance."  The new exhibits

show that Underhill purported to own the page in his official capacity and provided his official contact information on the page.  In addition, Bear can plausibly allege that Underhill carries out his duties in more than mere conclusory terms based on Underhill's affidavit admission that he uses social media to educate citizens to carry out his job and, in particular, showing he used it to explain decisions related to environmental issues caused by a landfill in the County as well as the need to hold those responsible accountable for it, suggesting that he used social media to assert the authority of his office or clothed his social media remarks in that authority.  *See West v. Atkins*, 487 U.S. 42, 49 (1988)  (stating a person acts under of color of state law in exercising "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law") (internal quotations omitted)). Therefore, Bear has sufficiently demonstrated that factual allegations can be made to plausibly allege Underhill acted under color of state law, and as a result, amendment is not futile.

Accordingly, the March 23, 2020 Report and Recommendation, ECF No. 50, is hereby amended to vacate the conclusion that amendment of Count VII would be futile and the recommendation for remand to state court.  Further, it is recommended that Bear be given fourteen (14) days to file an amended complaint, limited to adding

CASE NO. 3:19cv4424-MCR-HTC

allegations necessary to state a plausible claim in Count VII that Underhill acted

under color of state law.  The recommendations as to Counts V and VI are unaltered.

**DONE AND ORDERED** this 2nd day of June 2020.


 /s/ *Miles Davis*_____
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**




## NOTICE

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**