UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSCAOLA DIVISION

**DAVID BEAR,**

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　CASE NO. 3:19cv4424-MCR-HTC

**ESCAMBIA COUNTY BOARD OF
COUNTY COMMISSIONERS, and
DOUGLAS UNDERHILL,**

    **Defendants.**
_____/

## ORDER

This cause is before the Court on the Magistrate Judge's Report and Recommendation dated March 23, 2020, ECF No. 50, as amended by the Amended Report and Recommendation dated June 2, 2020, ECF No. 62. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). *See* ECF Nos. 57, 59, 63, 64. Having considered the Reports and Recommendations and made a *de novo* determination of all timely filed objections, the undersigned has determined that the objections should be sustained.

To avoid dismissal under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). When reviewing a complaint under Rule 12(b)(6), well-pled allegations of fact are taken as true, with reasonable inferences drawn in favor of the plaintiff, but courts are not bound to accept legal conclusions couched as factual allegations. *See id.* at 678-80.

The undersigned concludes that the First Amended Complaint, ECF No. 18, viewed as a whole and in the light most favorable to the Plaintiff, adequately states a plausible § 1983 claim against Underhill in his individual capacity and against the Board of Commissioners and Underhill in his official capacity. Specifically, it is alleged in the First Amended Complaint that Underhill frequently utilized, and still utilizes his Facebook pages as a tool of governance by, including but not limited to, using his Facebook pages to inform the public of County activities, agenda items, and County projects; discussing or conducting matters related to Escambia County business; or otherwise engaging in matters of public interest; and that he blocked Bear from full access to the sites based on the content of his speech. *See generally West v. Atkins*, 487 U.S. 42, 49-50 (1988) (noting to state a § 1983 claim, the plaintiff must allege the violation of a constitutional right by a state actor, that is, the exercise of power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law," or the abuse of his position). It is further alleged that the Board engaged in an unlawful policy or custom under

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Allegedly, the Board failed to enforce its social media policy to guarantee Bear and other citizens complete and equal access to Facebook public forums, and the Board also knew Underhill was blocking citizen speech from his "Commissioner" Facebook page based on viewpoint but condoned the conduct and took no corrective action.

The well-pled facts state plausible legal claims, which, while novel, are not without support. *See generally Attwood v. Clemons,* No. 18-12172, 2020 WL 3096325, at *2 (11th Cir. June 11, 2020) (finding that the social media accounts operated by a state representative may be a type of public forum under the First Amendment, and if so, the representative may not be allowed to exclude others based on their views); *Knight First Amendment Institute at Columbia Univ. v. Trump*, 928 F.3d 226 (2d Cir. 2019) (concluding the President violated the First Amendment by blocking individuals from his Twitter account based on viewpoint discrimination); *Davison v. Randall*, 912 F.3d 666 (4th Cir. 2019) (finding the chair of a county board of supervisors acted in her official capacity as a municipal official when she created and administered the chair's Facebook page and thus "acted under color of state law" when banning an individual from access to the page). Because the claims are plausible, they must be resolved based on a fully developed record.

CASE NO. 3:19cv4424-MCR-HTC

Accordingly:

1. The objections are **SUSTAINED**, and the Reports and Recommendations, ECF Nos. 50, & 62, are rejected.

2. Defendants Escambia County Board of County Commissioners and Douglas Underhill (In his Official Capacity) Motion to Dismiss, ECF No. 35, is **DENIED**.

3. Defendant Douglas Underhill's (Individually) Motion to Dismiss, ECF No. 29, is **DENIED**.

4. Defendants' Answers to the First Amended Complaint are due within fourteen (14) days.

5. The previously imposed Stay is Lifted. The parties are directed to confer and file an amended Rule 26 Joint Report within 30 days, addressing outstanding discovery needs going forward, to aid the Court's preparation of a new scheduling order.

**DONE AND ORDERED** this 24th day August 2020.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:19cv4424-MCR-HTC