UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID BEAR

    Plaintiff,

vs.                                       CASE NUMBER: 3:19cv4424-MCR-EMT

ESCAMBIA COUNTY BOARD
OF COUNTY COMMISSIONERS; and
DOUGLAS UNDERHILL

    Defendants.
_____/

## DAVID BEAR'S MOTION FOR DISMISSAL OF ACTION AGAINST THE BOARD AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, David Bear, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, files this motion to dismiss the Escambia County Board of County Commissioners (the "Board") as a defendant in this action which will result in dismissal of Counts IV and VI of the First Amended Complaint, in order to effectuate the terms of a settlement agreement reached between Mr. Bear and the Board.

The Board joins in the relief requested in this motion. Defendant Douglas Underhill ("Commissioner Underhill"), who was not a party to the settlement agreement, opposes the dismissal of the Board. As a result, Mr. Bear is not permitted by Rule 41 to dismiss the Board by stipulation.

The intent of this Motion is to dismiss the Board as a defendant to this action,

1

while all claims against Commissioner Underhill, whether characterized as in his official capacity or his individual capacity (Counts I, II, III, V, and VII), shall remain pending. In support of this motion, Mr. Bear states as follows:

1. In this action, Mr. Bear alleges that the Board and Commissioner Underhill violated the Florida Public Records Act, Chapter 119, Florida Statutes ("Chapter 119" or the "Florida Public Records Act"), and violated Mr. Bear's First Amendment rights in relation to Commissioner Underhill's use and control of his social media accounts, which Mr. Bear alleges resulted in the creation of public fora.

2. The First Amended Complaint (the "Complaint") alleges that Commissioner Underhill utilizes his Facebook pages to inform the public of Escambia County activities, discuss and conduct matters related to Escambia County business, and otherwise engage in matters of public interest, but has failed to adhere to his obligations under the Florida Public Records Act and the First Amendment with respect to the same. More specifically, Counts I, II, and III allege that Commissioner Underhill failed to maintain and produce public records created via his Facebook pages in response to three public record requests submitted by Mr. Bear in violation of Chapter 119. Counts V and VII allege that Commissioner Underhill's Facebook pages are public fora and that Commissioner Underhill violated Mr. Bear's First Amendment rights by restricting access to these pages.

3. With respect to the Board, Counts IV and VI allege that the Board also

2

violated Chapter 119, Florida Statutes, and Mr. Bear's First Amendment rights via its inaction with respect to Commissioner Underhill's refusal to permit access to public records, and unlawful restrictions on his Facebook pages.

4. On January 7, 2022, the Board reached a settlement with Mr. Bear (the "Settlement"). *See* Ex. "A." The Settlement consists of two documents: (1) the body of the settlement agreement itself (the "Agreement"); and (2) the stipulated statement of facts executed by the Board (the "Statement of Facts"). The central terms of the Agreement provided that Mr. Bear would release the Board for its actions (i.e., the actions of the collegial body), in exchange for the Board's stipulation to a statement of facts related to the facts of the case and the actions of Commissioner Underhill that gave rise to the action. The Statement of Facts expresses the Board's agreement with certain facts that undermine positions Commissioner Underhill has asserted in this litigation. For example, contrary to the position asserted by Commissioner Underhill throughout this litigation, the Statement of Facts provides:

> The Escambia County Board of County Commissioners believes communication between commissioners and citizens on matters of county business are public records, and releases them, with appropriate redactions, on a regular basis in response to public records requests. Such communications include, but are not limited to text messages, emails and social media posts. Commissioners are trained and advised in this manner. The Board of County Commissioners believes that any social media posts made by Commissioner Underhill that were

communications between him and citizens on matters of county business are public records and should have been provided, with appropriate redactions, upon citizen request.

*Id.* at p. 16.

5. The Agreement provides that Commissioner Underhill will remain a party to this action in his official and individual capacities.

6. The Agreement also provides that upon execution, the Board will be dismissed from this lawsuit, with the Court reserving jurisdiction to enforce the Agreement. *Id*. In accordance with Rule 41(a)(1)(A), a party may be dismissed from an action by stipulation after defendants have answered only when the stipulation has been "signed by all parties who have appeared." However, counsel for Commissioner Underhill has declined to sign the stipulation, which has necessitated the filing of this motion.

7. Given the substance of the Statement of Facts, which undermines numerous positions taken by Commissioner Underhill in this litigation, it is not surprising that Commissioner Underhill would be unhappy with the Settlement. Further, when asked to stipulate to the dismissal, counsel for Commissioner Underhill expressed his opposition to the terms of the Settlement relating to attorneys' fees and costs. However, the Board has already executed the Agreement and Statement of Facts, and, accordingly, the only issue before the Court is whether

the Board may be released from this action and Counts IV and VI of the Complaint may be dismissed.

8. Pursuant to Rule 41(a)(2), the Court may dismiss an action against a defendant at the plaintiff's order on terms that the Court considers proper. *See Walker v. Home Point Fin. Corp.,* No. 8:21-CV-1916-KKM-AAS, 2021 WL 5368863, at *1 (M.D. Fla. Nov. 18, 2021) (identifying binding Fifth Circuit precedent and dicta from the Eleventh Circuit that stand for the proposition that "a plaintiff may dismiss the claims against one defendant while the suit against other defendants continues") (citing *Plains Growers By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973) and *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004)); *but see McCrimager v. Roberson*, No. 4:18-CV-179-WS/MJF, 2019 WL 4170190, at *1 (N.D. Fla. July 29, 2019), *report and recommendation adopted*, No. 4:18CV179-WS/MJF, 2019 WL 4169885 (N.D. Fla. Sept. 3, 2019) (dismissing defendant on other grounds and stating that the Eleventh Circuit has held that Rule 41 does not authorize the dismissal of merely a single party).

9. Settlement between a plaintiff and a defendant is a well-recognized basis to grant a motion for voluntary dismissal. *See, e.g.*, *Borroto v. Dicks*, No. 3:05CV426/MCR/EMT, 2007 WL 4207805, at *2 (N.D. Fla. Nov. 27, 2007) (adopting report and recommendation recognizing voluntary dismissal action was

proper in light of settlement); *Fam. Med. Pharmacy, LLC v. Goodman*, No. 1:20-CV-369-TFM-MU, 2021 WL 298418, at *1 (S.D. Ala. Jan. 14, 2021) (dismissing action against one defendant, while other defendants remained in case, based on settlement with plaintiff); *USA v. 34 Luxury Vehicles*, No. 2:13-CV-793-FTM-38CM, 2014 WL 12617743, at *2 (M.D. Fla. Oct. 7, 2014) (same); *Trace Staffing Sols., LLC v. Manufacturers All. Ins. Co.,* No. CV417-083, 2019 WL 4439817, at *1 (S.D. Ga. Sept. 16, 2019) (same). District courts need not review the underlying settlement in order to rule on a motion for dismissal. *See Maciejka v. Williams*, No. CV 16-21031-CIV, 2018 WL 4830084, at *1 (S.D. Fla. Oct. 4, 2018) ("The Court need not review the parties' settlement to make a ruling on the Plaintiff's motion given the nature of this case, nor have the parties asked the Court to approve their settlement."); *MacArthur v. US Corr. LLC*, No. 614CV2085ORL41GJK, 2015 WL 5830067, at *1 (M.D. Fla. Oct. 1, 2015) (noting that district courts are generally not required to review settlement agreements outside of the FLSA context).

10.   District courts enjoy "broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). However, "in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice." *Id*. (quotation omitted).

11.     Critically, a defendant's disagreement with a settlement agreement is not sufficient "prejudice" to warrant denial of a motion for dismissal. In *MBI Services, LLC v. Apex Distribution LLC*, No. 21-CV-20975, 2021 WL 4749695 (S.D. Fla. Oct. 12, 2021), Judge Bloom for the Southern District of Florida granted the plaintiff's motion for dismissal of one defendant, over the objection of another defendant. *Id*. at *1. There, the plaintiff and the "Tillman Defendants," reached a settlement agreement and filed a joint stipulation for dismissal. The "Sadick Defendants" objected, stating that "that there was no per se opposition to the Motion to Dismiss—only attempts to formulate 'terms that the court considers proper." *Id.* at *1. Judge Bloom rejected the Sadick Defendants' objections, holding:

> [T]he present case, dismissal of the Tillman Defendants requires a court order because the Sadick Defendants have not agreed to sign the Stipulation, and otherwise "oppose dismissal without 'terms that are proper.' " ECF No. [80] at 4. However, notwithstanding their objection, the Sadick Defendants have failed to identify any "clear legal prejudice" that would result if the Tillman Defendants are dismissed from this action. *See Pontenberg* 252 F.3d at 1255-56 ("The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." (*quoting Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)). Nor does the Court find any basis to deny dismissal of the Tillman Defendants from this action.

*Id.* at *2.

12.     Here, the same result should follow. There is no legal prejudice to Commissioner Underhill that could result from the Board's dismissal from this action. Indeed, when asked to stipulate to the Board's dismissal, counsel for

7

Commissioner Underhill only noted his disagreement with the Settlement, itself. Counsel for Commissioner Underhill did not identify any harm to their client that might materialize as a result of the Board's dismissal from the action.

13. For these reasons, Mr. Bear respectfully requests that this Court dismiss the Board from this action, with prejudice, with both sides to pay their own costs, and reserving jurisdiction to enforce the Agreement.

Dated this 27th day of January, 2022.

Respectfully submitted,

/s/ *Erik M. Figlio*
ERIK M. FIGLIO
Florida Bar No.: 0745251
ALEXANDRA E. AKRE
Fla Bar No. 125179
Ausley McMullen
123 South Calhoun Street (32301)
Post Office Box 391
Tallahassee, Florida  32302
Phone No.:  (850) 224-9115
Facsimile No.:  (850) 222-7560
rfiglio@ausley.com
aakre@ausly.com
csullivan@ausley.com
nestes@ausley.com

*/s/ Jeremiah J. Talbott*
JEREMIAH J. TALBOTT, ESQ.
Fla. Bar No. 0154784
TRAVIS P. LAMPERT, ESQ.
Fla. Bar No. 0099843
Talbott, Lampert, & Stoner, P.A.
900 East Moreno Street
Pensacola, FL 32503

                (850) 437-9600 / (850) 437-0906 (facsimile)
                jj@talbottlawfirm.com;
                travis@talbottlawfirm.com;
                civil@talbottlawfirm.com

                ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

       I certify that a true and correct copy of the foregoing has been filed furnished electronically to counsel for Defendants, as listed below, via the CM/ECF System on this 27th day of January, 2022.

Edward P. Fleming, Esq.
McDonald, Fleming, Moorhead
P.O. Box 12388
Pensacola, FL 32591-2388

Joseph L. Hammons
The Hammons Law Firm
17 West Cervantes Street
Pensacola, FL 32501
(850) 434-1068

                /s/ *Erik M. Figlio*
                Erik M. Figlio