UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID BEAR,

    Plaintiff,

v.                                                                  Case No.: 3:19cv4424-MCR-HTC

ESCAMBIA COUNTY BOARD OF
COUNTY COMMISSIONERS; and
DOUGLAS UNDERHILL,

    Defendants.

---

## DECLARATION OF CHARLES F. BEALL, JR.

1. I am over the age of eighteen, competent, and have personal knowledge of the facts set forth in this Declaration.

## I. BACKGROUND AND QUALIFICATIONS

2. I graduated from the University of Virginia School of Law in 1991 and served as a member of the Virginia Law Review.

3. Upon graduating from law school, I spent the first five years of my practice working for the United States Department of Justice in Washington, D.C., in the commercial litigation branch of the civil division and handled a combination of government contract litigation and appeals from a variety of federal agencies.

1

4. In 1996, I returned to my hometown of Pensacola and joined the law firm of Moore, Hill & Westmoreland, P.A. I have been a shareholder in the firm since 2000 and currently serve as managing partner.

5. I have been a member in good standing of the Florida Bar since 1995 and a member of the bar of this Court since 1996.

6. I handle a wide variety of civil litigation and appeals in state and federal court. Over the past five years, the vast majority of my work has been spent in practice before this Court.

7. I am board certified in both appellate practice and civil trial by the Florida Bar Board of Legal Specialization—one of just seven Florida attorneys board certified in both specialties. I am a past chair of the Florida Bar's Appellate Practice Certification Committee, a past member of the Bar's Board of Legal Specialization & Education, and a past president of the Escambia-Santa Rosa Bar Association.

8. I have been retained as an expert witness on attorney's fees dozens of times during my 27 years of practice in Pensacola.

## II. RETENTION IN THIS MATTER AND MATERIALS REVIEWED

9. I was retained by the law firm of Ausley McMullen to provide an expert opinion on the attorney's fees incurred by that firm and the Law Office of Jeremiah J. Talbott, P.A. on behalf of Plaintiff David Bear in connection with Counts I and III

of the First Amended Complaint for Defendant Underhill's violation of Chapter 119, Florida Statutes. *See* ECF 155 (Order granting partial summary judgment on entitlement to attorney's fees for those claims).

10. To arrive at my opinions, I have reviewed the time records from the Ausley McMullen and Talbott firms. I have also reviewed the relevant pleadings, motions, and orders from the litigation. I have also spoken with attorney Erik M. ("Rick") Figlio from the Ausley McMullen firm about the litigation.

11. I am familiar with the legal authority for determining reasonable attorney's fees under Florida law, including the factors set forth in *Florida Patients' Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985), *Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990), Chapter 57.104, Florida Statutes, and the Rules Regulating the Florida Bar. I am also familiar with the legal authority for determining reasonable attorney's fees in this Circuit. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292 (11th. Cir. 1988).

12. In reaching my opinion, I have considered those authorities and specifically considered the following factors:

    (a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly;

    (b) The likelihood that the acceptance of the particular employment will preclude employment of the Plaintiff's counsel by others or cause antagonisms with other clients;

3

(c) The fee customarily charged in the locality for similar legal services;

(d) The amount involved in the controversy and the results obtained;

(e) The time limitation imposed by the Plaintiff or the circumstances;

(f) The nature and length of the professional relationship with the Plaintiff;

(g) The experience, reputation, and ability of the lawyer or lawyers performing the services;

(h) The contingency or certainty of a fee.

### III. OPINION AS TO REASONABLE ATTORNEY'S FEE

13. In my opinion, based upon my experience and training, and upon my review of the file, I believe the $74,152.50 claimed by the Ausley McMullen firm for the successful prosecution of Counts I and III is reasonable. I also believe the $63,137.50 claimed by the Law Office of Jeremiah J. Talbott is reasonable. Consistent with the authority cited above, I arrived at these opinions by analyzing the hourly rates charged and the number of hours claimed.

#### A.   REASONABLE HOURLY RATES

14. First, I considered the hourly rates charged by the attorneys and paralegals involved in this matter along with their backgrounds, experience, and roles in this litigation. I am very familiar with the hourly rates typically charged by attorneys in the Pensacola market for similar legal services.

4

15. Ausley McMullen had two attorneys who billed time to this matter, Rick Figlio (EMF on the time records) and Alexandra Akre (AEA).

16. Mr. Figlio has been practicing law for 20 years and has considerable experience in this area of law. He served as the lead attorney for this matter at the firm and billed at a rate of $375 per hour. Based upon my knowledge of the rates charged in the Pensacola area for attorneys of Mr. Figlio's experience, I believe $375 is reasonable and is at the low end of rates charged by attorneys with his level of experience.

17. Ms. Akre has been admitted to the Florida Bar since October 2016 and clerked on the United States Court of Appeals for the Eleventh Circuit before joining her firm. She was an associate at the firm when she began working on this case but has since become a shareholder with the firm. Ms. Akre has billed at $225 per hour, which is a reasonable and below-market rate for an attorney with her experience.

18. The Law Office of Jeremiah J. Talbott had three attorneys work on the file, J.J. Talbott (JJT), Travis Lampert (TPL), and Ryan Stoner (RPS). That firm also had one paralegal (PAR) who billed a small amount of time.

19. J.J. Talbott was the lead attorney on this case for his firm and billed at a rate of $350 per hour. I am familiar with Mr. Talbott having worked with and against him since he began practicing in Pensacola nearly 25 years ago. In my

opinion, a rate of $350 per hour is very reasonable for an attorney of Mr. Talbott's experience.

20. Travis Lampert also worked on this matter for the firm. He has been practicing law in Florida since 2012 and billed his time at $250 per hour. I believe that is a very reasonable rate for an attorney with 10 years of experience.

21. Ryan Stoner began practicing in Michigan in 2016 and has been a member of the Florida Bar since 2019. He billed at $250 per hour. This is a reasonable rate in Pensacola for a senior associate with his years of experience.

22. I believe that the rate of $125 per hour billed by Mr. Talbott's paralegal is reasonable and in line with the prevailing rate for paralegals in the Pensacola area.

23. In summary, I believe the following rates are reasonable for this matter:

| Timekeeper | Initials | Position | Rate |
|---|---|---|---|
| Erik M. (Rick) Figlio | EMF | Shareholder | $375 |
| Alexandra Akre | AEA | Shareholder | $225 |
| J.J. Talbott | JJT | Shareholder | $350 |
| Travis Lampert | TPL | Associate | $250 |
| Ryan Stoner | RPS | Associate | $250 |
|  | PAR | Paralegal | $125 |

B. **REASONABLE NUMBER OF HOURS**

24. I have also considered the time claimed by both firms for Counts I and III. In doing so, I have not only looked at the detailed time records maintained by the firms, but I have also looked at the voluminous pleadings, motions, and orders

6

associated with these two counts and have examined the corresponding time entries for this work in the billing records.

25.  I am aware that the two firms are not entitled to all the time spent on Mr. Bear's behalf. Some of the time the firms spent related to matters on which Mr. Bear did not prevail, while the firms incurred additional time on matters for Mr. Bear unrelated to this litigation. As a result, both firms have claimed only a fraction of the time they have actually incurred on Mr. Bear's behalf.

26.  I spent additional time ensuring that the time entries claimed by the firms were incurred in connection with their successful prosecution of Counts I and III and did not include time spent on other claims or unrelated matters. My review of the time records and the entire file convinced me that the time claimed by the firms was, in fact, limited to the successful claims addressed in this Court's summary judgment order.

27.  I also looked at the time entries to ensure that the firms minimized duplicative work—both within the firms and between the firms—and believe the firms did a reasonable job of avoiding duplication.

28.  In my opinion, Counts I and III, by themselves, required a significant amount of time and effort as reflected in the various motions and memoranda of law filed on the issues.

29. As a result of my review, and consistent with the legal authority cited above, I believe the following represents the reasonable amount of time incurred by each timekeeper in this matter for Counts I and III:

| Timekeeper | Initials | Total hours |
|---|---|---|
| Erik M. (Rick) Figlio | EMF | 97.9 |
| Alexandra Akre | AEA | 166.4 |
| J.J. Talbott | JJT | 164 |
| Travis Lampert | TPL | 5.9 |
| Ryan Stoner | RPS | 12.4 |
|  | PAR | 9.3 |

### C. SUMMARY

30. Altogether, my opinion about the reasonable attorney's fees incurred by the Ausley McMullen firm on this matter is set forth in the following table:

| Timekeeper | Hourly Rate | Total Hours | Total fee |
|---|---|---|---|
| Erik M. (Rick) Figlio | $375 | 97.9 | $36,712.50 |
| Alexandra Akre | $225 | 166.4 | $37,440.00 |
| Total |  |  | $74,152.50 |

31. My opinion about the reasonable attorney's fees incurred by The Law Office of Jeremiah J. Talbott is set forth in the following table:

| Timekeeper | Hourly Rate | Total Hours | Total fee |
|---|---|---|---|
| J.J. Talbott | $350 | 164 | $57,400.00 |
| Travis Lampert | $250 | 5.9 | $1,475.00 |
| Ryan Stoner | $250 | 12.4 | $3,100 |
| Paralegal | $125 | 9.3 | $1162.50 |
| Total |  |  | $63,137.50 |

32. Thus, I believe that **$137,290.00** constitutes a reasonable attorney's fee for the work performed by both firms on Mr. Bear's behalf on Counts I and III of the First Amended Complaint.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
Charles F. Beall, Jr.