UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID BEAR,

    Plaintiff,

v.                                                   Case No. 3:19cv4424-MCR-HTC

DOUGLAS UNDERHILL,

    Defendant.
_____/

# ORDER

This cause is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") dated July 13, 2023, ECF No. 165, addressing Plaintiff David Bear's motion to determine the amount of attorney's fees due under a prior Order finding Bear entitled to fees, ECF No. 156, and Defendant Douglas Underhill's motion to remand or, in the alternative, to reconsider the prior Order, ECF No. 158. The parties have been furnished a copy of R&R and have been afforded an opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). When reviewing a Magistrate Judge's R&R on a dispositive matter, the Court reviews *de novo* all aspects to which a party has specifically objected and "may accept, reject, or modify, in whole or in part, the findings or recommendations made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1245 (11th Cir. 2007) ("the district court is generally free to

employ the magistrate judge's findings to the extent that it sees fit"). The Court has made a *de novo* determination of all timely filed objections, and after fully considering the matter, the undersigned concludes that the R&R is due to be adopted.

The Court previously found Bear entitled to an award of attorney's fees against Underhill pursuant to the Florida Public Records Act, Fla. Stat. § 119.12, resulting from his failure to respond to a public records request for records within his custody. The Court also determined that Underhill may be held personally liable for those fees as the responsible "agency," within the meaning of the statute. ECF No. 155. Bear then filed a motion to determine the amount of attorney's fees due, requesting $130,425.50 in fees plus $9,825 in costs. In response, Underhill argued for the first time that the Court erred in granting Bear the *entitlement* to fees without holding an evidentiary hearing and expressly finding whether the public records request and civil action were brought for an "improper purpose." Fla. Stat. § 119.12(3). Underhill contends that Bear had the improper purpose of harming him financially and that further discovery was required to determine what fees were actually billed to Bear to avoid duplication.[1] Underhill also filed a separate motion

---

[1] Bear presented supporting documentation for the attorney's fees he claims against Underhill. Underhill in turn presented the settlement agreement that Bear reached with the County in dismissing the County from this suit. In it, Bear agreed to conditionally release his right to seek attorney's fees from the County *unless* the County reimburses Underhill's fees. In that event, the County agrees to pay the liquidated sum of $190,000, which Underhill contends is punitive against him and also duplicative of fees charged against him. Bear replied to the motion by submitting evidence that the settlement has been amended to clarify that he is not allowed to collect duplicative fees.

to remand, asserting that all federal claims have been resolved, and in the alternative, he requests reconsideration of the determination that he is individually liable for Bear's attorney's fees.

The Magistrate Judge recommends granting Bear's motion for the amount of attorney's fees requested and denying the request for costs. She also recommends denying Underhill's motion to remand because remand at this late stage in the case—after four years and when the only remaining issue is the determination of the amount of attorney's fees due—would not serve the interests of comity, fairness, or judicial economy. The Magistrate Judge further recommends denying Rule 60(b) relief because there was no legal error in the determination that Underhill is individually liable for the fees. Also, she determined that Underhill waived any argument that suit was brought for an improper purpose by failing to raise the argument in response to Bear's summary judgment motion for entitlement to fees and that no new evidence justifies relief.[2] Further discovery and an evidentiary hearing were denied.

Underhill objects, raising the same arguments that the Magistrate Judge considered and rejected. On *de novo* review, the Court agrees that those objections lack merit and need no further discussion. Underhill also objects to the Magistrate

---

[2] As to the settlement with the County, the Magistrate Judge found it irrelevant. She noted that while its application and validity could still be the subject of further litigation down the road, it is not at issue in this suit, which is concerned only with that portion of Bear's attorney's fees that he attributes to his Public Records Act claims against Underhill, which have been sufficiently proven.

Case No. 3:19cv4424-MCR-HTC

Judge's conclusion that he waived the "improper purpose" issue of Fla. Stat. § 119.12(3)) on the grounds that the statute requires an express determination, that the burden is on the proponent of fees to establish this regardless of whether it is argued, and that he therefore could not waive the issue. He asks that the record be reopened if the Court determines otherwise. Reviewing the objection *de novo*, the Court agrees with the Magistrate Judge's determination.

Under the fee statute, the award of reasonable attorney fees in favor of the complaining party is mandated, *see* § 119.12(1), unless the Court determines that the public records request or the suit were brought for an improper purpose or a frivolous reason, § 119.12(3). Subsection (3) states:

> (3) The court shall determine whether the complainant requested to inspect or copy a public record or participated in the civil action for an improper purpose. If the court determines there was an improper purpose, the court may not assess and award the reasonable costs of enforcement, including reasonable attorney fees, to the complainant, and shall assess and award against the complainant and to the agency the reasonable costs, including reasonable attorney fees, incurred by the agency in responding to the civil action. For purposes of this subsection, the term "improper purpose" means a request to inspect or copy a public record or to participate in the civil action primarily to cause a violation of this chapter or for a frivolous purpose.

Fla. Stat. § 119.12(3). The Court agrees with the Magistrate Judge that the "improper purpose" issue should have been raised in opposition to Bear's motion for summary judgment on the attorney's fee issue. At no time in the summary judgment proceeding did Underhill suggest that Bear's public records requests or

the lawsuit were brought for an improper purpose and no evidence supports that claim. The Court finds it was incumbent on Underhill to raise the issue and assert his own entitlement to fees on this basis if there were grounds to support it. *See DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1283 n.3 (11th Cir. 2019) (noting Florida's Public Records Act provides that a "complainant does not recover attorney's fees (and instead has to pay attorney's fees) if the state court determines that the complainant requested to inspect or copy a public record or participated in the civil action for an 'improper purpose'").

Nonetheless, even if the failure to make an express determination is considered legal error, on consideration of the issue, the Court finds Underhill's argument lacks merit. The Magistrate Judge correctly determined that despite obvious personal animosity between the parties throughout this suit and before, the record shows no attempt by Bear to *cause* a violation of the Public Records Act. Instead, the record shows that the request was a genuine search for public records and the suit was filed because Underhill refused to respond to the request for public records that were within his custody, which is not improper. Underhill argues that Bear's settlement with the County shows that Bear intended to harm him financially, but the subsequent settlement has no bearing on Bear's reason for filing suit in the

first instance.³  Thus, while the Court agrees with the conclusion that Underhill waived the argument, out of an abundance of caution, the Court will modify the prior order awarding fees to include the Court's express determination pursuant to Fla. Stat. § 119.12(3) that based on the record, neither the public records request nor the suit was filed for an improper or primarily frivolous purpose, and there is no basis for reopening the record.

Underhill's objections do not purport to show error in the total amount of the attorney's fee awarded nor does he dispute the rates charged.  He argues instead that Bear has refused to provide additional invoices—apparently about an alleged overlap between the fees Bear is claiming here and fees referenced in Bear's separate settlement with the County—and that therefore, the record for analyzing the fee request was incomplete.  The Court disagrees.  This additional discovery sought is unrelated to the attorney's fee amount that Bear is actually claiming and simply is not relevant.⁴  The documents supporting the fee request here show that they are

---

³ Underhill also presented evidence with this objection including a text exchange in which Bear stated in August 2021, "I'll take down Doug."  ECF No. 168-1 at 15.  This statement was made almost two years after this litigation was initiated and thus does not show that the records request or the suit was initiated for an improper purpose as opposed to a genuine request to obtain public records.  Moreover, there is no showing of diligence to demonstrate why the text could not have been discovered earlier (assuming it was material, which the Court does not find), and it is not procedurally proper to present evidence for the first time with an objection.

⁴ Underhill complains there is a potential for duplication of fees through the settlement, and he seeks discovery of more invoices.  As noted previously, Bear acknowledges expressly in the amended settlement with the County that there will be no duplication of fees.  The Court need not decide any potential reimbursement issue between the County and Underhill.  The County's

related to the Public Records Act litigation against Underhill, and the Court agrees with the Magistrate Judge that no further discovery and no evidentiary hearing is necessary. Bear is entitled to attorney's fees in the amount requested, and there is no objection to the denial of costs.

Accordingly:

1. The Magistrate Judge's Report and Recommendation, ECF No. 165, is adopted and incorporated by reference in this Order, and the R&R and the Court's prior Order, ECF No. 155, are modified only to make the explicit determination that the public records request and the suit were not filed for an improper purpose.

2. Bear's motion for attorney's fees, ECF No. 156, is **GRANTED** to the extent Bear is awarded $130,425.50 in attorney's fees.

3. Underhill's motion to remand, or in the alternative, motion for reconsideration, ECF No. 158, is **DENIED**.

4. The Clerk is directed to enter final judgment in favor of Bear and against Underhill on the Public Records Act claims of Counts I and III, including an award of attorney's fees in the amount of $130,425.50 to Bear, and final judgment

---

legal responsibility, if any, for the reimbursement of Underhill's fees, based on conduct while he was a Commissioner, is not at issue because the County has been dismissed from this suit. Thus, the Court has no cause to construe the meaning of that settlement or to consider fees that Bear does not claim in his motion.

in favor of Underhill and against Bear on the First Amendment claim of Count VII, and close the file.[5]

**DONE AND ORDERED** this 16th day of January 2024.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[5] All other claims have been previously settled or dismissed.